**GARRARD COUNTY BOARD OF EDUCATION, et al., Appellant,**

**v.**

**Robert J. JACKSON, Judge Garrard Circuit Court, Appellee,**

**and**

**Sherry Poore, Jean Turner, et al., Real Parties in Interest.**

**Clotfelter/Samokar, P.S.C., Appellant,**

**v.**

**Robert J. Jackson, Judge Garrard Circuit Court, Appellee,**

**and**

**Sherry Poore, Jean Turner, et al., Real Parties in Interest.**

**Nos. 1999–SC–0915–MR, 1999–SC–0916–MR.**

Supreme Court of Kentucky.

Feb. 24, 2000.

Mark S., Fenzel, John W. Bilby, Dana Lucas Collins, Middleton & Reutlinger, Louisville, Edward Roark, Lancaster, H. Jefferson Herbert, Jr., Glasgow, James G. Sheehan, Hadden Dean, Danville, J. Patrick Sullivan, Lexington, Bradford L. Cowgill, W. Craig Robertson, III, Wyatt, Tarrant & Combs, Lexington, for Appellant.

Ephraim W. Helton, Bruce Petrie, Helton & Petrie, Danville, Richard S. Wayne, Paul B. Calico, Thomas P. Glass, Joseph J. Braun, Strauss & Troy, Cincinnati, OH, for Appellee.

## MEMORANDUM OPINION
## OF THE COURT

These two matter-of-right appeals arose out of the same lawsuit in Garrard Circuit Court which alleged exposure to unsafe environmental conditions at a local middle school. By an order dated June 19, 1999, following two hearings and extensive briefing by the parties, the trial court found that the plaintiffs had satisfied the criteria of CR 23.01 and CR 23.02 and granted the plaintiffs' motion to certify the matter as a class action which included:

> All former and current teachers, employees, students and staff of the Garrard County Middle School (the "school") since the school opened in August 1990, who have been and continue to be, exposed to unhealthy and unsafe environmental conditions in the school.

Each appellant brought an original action in the Court of Appeals, pursuant to CR 76.36, seeking a writ of mandamus instructing the circuit court to decertify the class action. The Court of Appeals denied relief as to the certification of a class because the petitioners could not establish that "the process of class certification in itself causes, or will cause, petitioners irreparable harm for which they have no adequate remedy by appeal." Court of Appeals Order at 3. The Court of Appeals partially granted the petition, however, by directing the trial court to issue an order amending the class definition to include qualifying language indicating that no court has made a finding on the issue of liability:

> We do note, though, that the respondent trial court already used qualified language in its findings of fact. For example, in the first paragraph of the findings, on page 2, the court states "Plaintiffs' Complaint relates to an allegation that they and other unknown defendants have been, and continue to be exposed to unhealthy and unsafe environmental conditions since the school building was opened to the public in August 1990." Also, in the first paragraph of the findings, page 3, the court states "The action seeks to recover for injuries sustained by Plaintiffs and the class who are alleged to have developed significant and permanent health problems, ..." We believe that the quoted language should provide the proper framework for drafting certification language that will be acceptable to all parties.

Court of Appeals Order at 4–5.

The Garrard County Board of Education and Clotfelter/Samokar P.S.C. (hereafter, "the appellants") each appeal to this Court as a matter of right from the order of the Court of Appeals. Because each appeal stems from the same circuit

court action and challenges the same decision, we consider them together.

■ Each of the appellants argue that the Court of Appeals abused its discretion by denying their request, under CR 76.36, for a writ of mandamus. The appellants argue that a miscarriage of justice will result from the certification of this class and that post-trial appellate remedies cannot adequately protect them. This Court has consistently held that writs are reserved for extraordinary situations. We agree with the Court of Appeals that the act of class certification itself is not a proper subject for relief in the form of a writ of mandamus and affirm its decision to direct the trial court to qualify the language with which it defines the class.

■ In *Bender v. Eaton*, Ky., 343 S.W.2d 799 (1961), we explained that courts should conservatively grant relief in the form of a writ of prohibition or mandamus only in very limited situations:

> Relief by way of prohibition or mandamus is an extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief. This careful approach is necessary to prevent short-circuiting normal appeal procedure and to limit so far as possible interference with the proper and efficient operation of our circuit and other courts.

*Id.* We do not use mandamus as a corollary to our "error correction power" to revise or correct the discretion of an inferior court, *Fannin v. Keck*, Ky., 296 S.W.2d 226 (1956), but reserve it for those situations where a petitioner can establish not only that the lower court acted erroneously, but also that he (a) has no adequate remedy by appeal or otherwise, and (b) would suffer great and irreparable injury or a substantial miscarriage of justice will result. *Bender, supra; See also Smith v. Shamburger, Judge*, Ky., 314 Ky. 850, 238 S.W.2d 844 (1951). A petitioner must establish both (a) and (b) before issuance of a writ of mandamus is warranted. *See Bender, supra* at 801. As we feel the appellants have not demonstrated that an erroneous class certification constitutes a substantial miscarriage of justice or would prejudice them in a manner which the courts cannot address on appeal, we do not reach the issue of whether the trial court erred in certifying the case as a class action.

### THE CLASS CERTIFICATION ITSELF

The appellants argue that the Court of Appeals should have granted their petition for a writ of mandamus because the trial court's decision to certify the matter as a class action, independent of the language defining the class, risks a substantial miscarriage of justice which could not be adequately addressed on appeal. They cite to recent decisions of the United States Circuit Courts of Appeals[1] in which the

1. *See, e.g. In Re Rhone–Poulenc Rorer, Inc.*, 51 F.3d 1293 (7th Cir.1995), *cert. denied*, 516 U.S. 867, 116 S.Ct. 184, 133 L.Ed.2d 122 (1995) ("The present case is *quite extraordinary* when all its dimensions are apprehended." *Id.* at 1295 (emphasis added)); *In Re American Medical Systems, Inc.* 75 F.3d 1069 (6th Cir.1996) ("However, on the extraordinary facts of this case we find that the district court's disregard of class action procedures was of such severity and frequency so as to warrant [the issuance of a writ of mandamus]" *Id.* at 1074 (emphasis added)); *In Re Bendectin*, 749 F.2d 300 (6th Cir.1984) ("Although we shall issue the writ, we realize that the district judge has been faced with some very difficult problems in this case, and we certainly do not fault him for attempting to

use this *unique and innovative* certification method." *Id.* at 307 (emphasis added)).

Each of the federal cases cited by the appellants not only involved multi-state litigation over medical products, but also presented issues other than erroneous class certification. In *Rhone–Poulenc Rorer, Inc., supra*, the Seventh Circuit Court of Appeals took issue with the trial court's certification of a class with respect to particular issues and intention to empanel a jury to render a special verdict solely on the issue of negligence. *Id.* at 1297. In *American Medical Systems, Inc., supra*, the court was troubled by the trial court's "utter disregard for the judicial bias ... and ... strong bias in favor of class certification" evidenced by his statement in open court that "I have seen plaintiffs beaten down because

courts granted writs of mandamus and ordered United States District Courts to decertify class actions in medical product litigations. As each of these decisions presented objective evidence of prejudice to the parties or involved collateral consequences to non-parties, we do not feel that they are factually germane to the appellants' situation. We focus, therefore, on the appellants' claims of prejudice in this case. Specifically, they argue that allowing this lawsuit to proceed as a class action will taint all of the proceedings because publication of the lawsuit's allegations in the form of a class action notice could create community prejudice in favor of the plaintiffs' claims. In addition, the appellants urge the Court to consider the heightened expense and burdensome time investment involved in defending against a class action. Neither argument satisfies this Court that the appellants would incur irreparable injury as a result of the class certification.

■ First, while we recognize that notification of class certification will publicize the existence and allegations of this lawsuit, we are unconvinced by the appellants' contention that the class certification itself will uniquely injure their position at trial. Given the fact that this lawsuit was brought in a rural community and alleges exposure to hazardous conditions at the local middle school, we believe public interest and speculation regarding the lawsuit was inevitable regardless of whether the trial court certified the action as a class action. The appellants' argument, in its essence, depends on the unwarranted claim that class action certification impermissibly augments a lawsuit's notoriety to the point where the parties are prejudiced, and, as such, could be used to challenge any class certification. The argument articulated by the appellants would preclude class actions in any small community, and, as CR 23 contains no "small community exclusion," we are unpersuaded that the appellants' argument is consistent with the law. The appellants fail to persuade this Court that a class certification defined in such a way to limit any possible prejudice risks a substantial miscarriage of justice by informing potential class members of the existence of the lawsuit. This hypothetical scenario imagined by the appellants does not justify issuance of a writ of mandamus.

■ We also find unpersuasive the appellants' position that the burdens associated with defending against a class action suit warrants extraordinary relief. Unquestionably, litigation can be burdensome, but certification of a class action in this case does not present the appellants with a situation parallel to the one faced by the petitioners in *Rhone–Poulenc Rorer, Inc., supra*. There, the class action certified by the United States District Court for the Northern District of Illinois effectively required a corporation which had won twelve of thirteen previous trials on this liability issue to choose between "rolling the dice" at a trial where an adverse verdict could annihilate them financially to the tune of $25 billion, or settling the case on more equitable terms. *Id.* at 1298. The economies of scale at play in this case lead us to believe that the burden alleged by the appellants to accompany class certification does not justify the extraordinary remedy requested.

■ In addition, the appellants unquestionably may appeal the class certification ruling if trial results in an adverse verdict. A number of Kentucky cases reaffirm that the appellants' proper remedy is direct appeal. *See Dorsey v. Bale*, Ky., 521 S.W.2d 76, 78 (1975) (where the Court

they couldn't compete, and I am aware that the only way that plaintiffs can compete is by a class action." *Id.* at 1088–9, Note 20. In *Bendectin, supra*, the court was concerned with prejudice to plaintiffs in other jurisdictions who "have spent a considerable amount of their resources preparing for trial, and now that their trials are at hand, they would be forced to direct their attention to a settlement offer which they feel is totally inadequate." *Id.* at 304.

reversed a class action certification because the trial court had not properly analyzed the prerequisites of CR 23.01); *Brockman v. Jones,* Ky.App., 610 S.W.2d 943 (1980) (where the Court of Appeals held improper a class certification made without findings of fact); *Pyro Mining Company v. Kentucky Commission on Human Rights,* Ky., 678 S.W.2d 393 (1984) (reversal of class certification because of trial court's failure to make findings of fact). Unless the trial court's decision presents unique and extraordinary prejudice, a party's proper remedy comes on direct appeal. *See, In Re NLO, Inc.,* 5 F.3d 154 (6th Cir.1993). As the appellants have demonstrated no such prejudice, the issuance of a writ is improper and the appellants may raise the issue of whether the trial court erroneously certified the class on appeal.

### THE CLASS DEFINITION'S LANGUAGE

■ The Court of Appeals partially granted the appellants' petition by directing the trial court to redefine the class so as to avoid suggesting that the lawsuit was meritorious. As no party contests the changes suggested by the Court of Appeals, and those changes can only benefit the appellants by limiting the possibility that publication of the class certification would operate to prejudice the community, we feel that the Court of Appeals acted within its discretion to grant the appellants relief with respect to the language defining the class.

For the above reasons, we affirm the order of the Court of Appeals denying a writ of mandamus with respect to the certification of the class action but directing the trial court to issue an order amending the class definition.

All concur.