Michael J. MARTINEZ, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2000–SC–1135–TG.

Supreme Court of Kentucky.

Feb. 21, 2002.

J. David Niehaus, Deputy Appellate Defender, Louisville, Daniel T. Goyette, Jefferson District Public Defender, Counsel for Appellant.

Albert B. Chandler III, Attorney General, Anitria M. Franklin, Assistant Attorney General, Frankfort, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a final judgment of the Jefferson Circuit Court which required Martinez who had been found guilty of third-degree rape and two counts of third-degree sodomy to register with the local probation and parole office as a sex offender for a period of ten years.

Originally, Martinez was indicted for incest. This charge was disposed of by a plea bargain in which he pled guilty to third-degree rape and third-degree sodomy on February 29, 2000. The trial judge imposed an agreed upon five-year sentence. However, the judge then entered a second judgment captioned "Judgment of Registration Designation" on the same date in which the judge determined that Martinez was a sex offender who had committed a sex crime, and therefore was required to register with local authorities for a period of ten years after his release from incarceration.

The issue in this case is whether Martinez is subject to any version of the Kentucky Registration and Notification Statutes for Sex Offenders. KRS 17.500, et seq.

Under the original 1994 version, only those persons convicted of a qualifying offense after July 15, 1994 were required to register and the registration information was not released to the public. 1994 Ky. Acts, Ch. 392. In 1998, the law was changed so as to provide that one determined to be a sex offender was required to register after a hearing by the sentencing court to determine the offender's risk level. Low and moderate risk offenders were required to register for ten years. High risk offenders were required to register for life. The 1998 statute also provided for disclosure of the registration information to certain members of the public. 1998 Ky. Acts, Ch. 606.

The 2000 version of the statute changes the manner in which registration is made available to the public. Martinez claims that although he would have been required to register for ten years under the 1998 version of the statute, his information would not have been disclosed to the general public. Under the 2000 version of the statute he complains his registration information is made available to the world at large by means of the Internet and a toll-free telephone number. 2000 Ky. Acts, Ch. 401.

Martinez presents a number of other arguments. He questions whether the 2000 Ky. Acts, Ch. 401 complies with the requirements of Section 47 and 51 of the Kentucky Constitution. He argues that the statutory scheme is a revenue raising bill because it was enacted in order to obtain federal money; that the legislation did not originate in the House of Representatives and that Section 47 clearly prohibits passage of any bill for raising revenues which does not originate there. Martinez contends that the system violates Section 51 because the title misrepresents and misleads as to what the legislation concerns. He asserts that the application of the statutes violates his protection against double jeopardy and ex post facto laws. Further, he claims that his right to privacy and liberty cannot be infringed upon in the absence of a showing that his enjoyment of these rights will directly injure society.

The Commonwealth presents a response which may be summarized as a general disagreement with the arguments presented by Martinez. The Commonwealth argues that the law does not offend Sections 47 and 51 of the Constitution and that the legislation is not a revenue bill. It also disagrees with the arguments concerning double jeopardy and ex post facto laws. The Commonwealth contends that the Registration and Notification statutes are reasonably related to the nonpunitive goals of protecting the public and assisting law enforcement and that the statutes do not violate any liberty or privacy interest.

I.  Constitution Sections 47 and 51

The Sex Offender Registration and Notification Statutes do not offend

Sections 47 and 51 of the Kentucky Constitution. The 2000 Ky. Acts, Ch. 401 and Senate Bill 263 do not render the ultimate statutes unconstitutional. Statutes have a presumption of constitutionality and nothing presented here overcomes such a presumption. *Commonwealth v. Halsell*, Ky., 934 S.W.2d 552 (1996). Section 47 does require that all bills raising revenue must originate in the House of Representatives and not in the Senate. Senate Bill 263 cannot be construed as a revenue raising bill by any stretch of the imagination. The term revenue has always been interpreted in the narrowest and strictest way. *See Yeoman v. Commonwealth*, Ky., 983 S.W.2d 459 (1998). The fact that one section of the bill recites the emergency nature of losing federal grant money does not make the bill a revenue measure.

■■■ Section 51 of the Kentucky Constitution provides that the legislature cannot enact a law that relates to more than one subject. As held in *Commonwealth ex rel Armstrong v. Collins*, Ky., 709 S.W.2d 437, 443 (1986), the purpose of this section is to prevent surreptitious legislation, and to prevent surprise and fraud upon the members of the General Assembly and other interested parties. However, the title need only furnish general notification of the general subject of the act. If the title furnishes an indication as to contents of the act, it passes constitutional muster. The title in this instance is neither false nor misleading.

Senate Bill 263 was originally introduced as an "Act Relating to Crimes and Punishment" but the House amendments relating to sex offender registration proposed a title change to "an Act relating to public safety." This title accurately reflects the contents and purpose of the legislation.

II. Double Jeopardy and Ex Post Facto

■■■ The sex offender and notification statutes do not violate any constitutional protection against double jeopardy or ex post facto laws. The registration and notification required by the statutes do not amount to punishment. The statutory system is a remedial measure designed to protect and inform the public and not to punish the offender. *See Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). The United States Supreme Court specifically rejected arguments that the statute imposed punishment in violation of the double jeopardy and ex post facto law clauses. Most state courts have determined that the sex offender classification and registration acts, including notification, do not violate the ex post facto provisions or the double jeopardy clause of the United States Constitution or the individual state constitutions. For a complete summary of other jurisdictions, see our opinion in *Hyatt v. Commonwealth*, 72 S.W.3d 566 (Ky.2002) rendered this day.

■■■ Kentucky has followed the pronouncements of *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), to the effect that an ex post facto law must be retrospective and must disadvantage the offender affected by it. We agree with the rationale and holding of the Court of Appeals in *Lattimore v. Corrections Cabinet*, Ky.App., 790 S.W.2d 238 (1990) to the effect that ex post facto laws must relate to a real and direct effect on the actual time the prisoner remained behind bars. A law is ex post facto if it is both retroactive and disadvantages the defendant as set out in *Weaver, supra*. Martinez has not demonstrated that he is disadvantaged by these remedial statutes in a penal fashion. Although it is clear that the registration act is retroactive, there is no increase in punishment so as to invoke the ex post facto standard. As we have noted in *Hyatt v. Commonwealth*, registration

and notification statutes are reasonably related to the nonpunitive goals of protecting the public and assisting law enforcement efforts. Registration is a reasonable and proper means for achieving its purpose and is completely consistent with the authority of the state to protect the safety and general welfare of its people. It does not punish the offender for past criminal activity and it does not punish the defender twice for the same activity.

### III. Privacy

The Sex Offender Registration Statutes do not violate the liberty interest in privacy or reputation.

As we have observed in *Hyatt v. Commonwealth,* the arguments that registration and notification violate the right of privacy have been previously rejected in many other courts throughout the nation. The substantive right of privacy conferred by the due process clause has been interpreted to protect intimately personal decisions relating to marriage, procreation and family relationships. The desire by Martinez to keep information about his criminal record private, especially when most of that information is a matter of public record, does not come within the traditional interpretations of the privacy right. Even if Martinez has some limited right of privacy in the data, the need for public safety far outweighs his individual rights. Again, a more detailed analysis of these principles may be found in the opinion of *Hyatt v. Commonwealth.*

The decision of the circuit court is affirmed and the 2000 Sex Offender Registration Act is constitutional and applicable to Martinez.

All concur.