**COMMONWEALTH of Kentucky, Movant,**

v.

**Joseph GAITHERWRIGHT, Respondent.**

**No. 2001–SC–0132–CL.**

Supreme Court of Kentucky.

March 21, 2002.

A.B. Chandler III, Attorney General, Frankfort, Christopher S. Nordloh, Assistant Kenton County Attorney, Covington, for Movant.

F. Dennis Alerding, Covington, Richard Hoffman, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for Respondent.

GRAVES, Justice.

Pursuant to Ky. Const. § 115 and CR 76.37(10), the Commonwealth has petitioned this Court for a certification of the law regarding the following issue: Whether the refusal to submit to a breath, blood or urine test on a first offense DUI charge is an aggravating circumstance under KRS 189A.010(11)(e) which, if found to have occurred, subjects the defendant to enhanced penalties pursuant to KRS 189A.010(5)(a).

In October 2000, Respondent, Joseph Gaitherwright, was charged with Driving While Under the Influence, first offense, KRS 189A.010(1)(b). Respondent refused to submit to a breath, blood or urine test. Consequently, prior to trial, the Commonwealth moved the Kenton District Court for a ruling that Respondent's refusal to consent to testing required an instruction that his actions constituted an aggravating circumstance which would subject him to enhanced penalties. The trial court denied the motion based on the literal language of KRS 189A.010(5)(a), and ruled that first time DUI offenders are not subject to enhanced penalties for the refusal to submit to breath, blood or urine testing. The trial court reasoned that the act of refusal is not contemporaneous with the act of operating the motor vehicle. A Kenton County jury found Respondent guilty of DUI, first offense, and imposed a monetary fine of $300.

Effective October 1, 2000, KRS 189A.010 was amended to provide that "[r]efusing to submit to any test or tests of one's blood, breath or urine requested by an officer having reasonable grounds to believe the person was operating or in physical control of a motor vehicle in violation of subsection (1) of this section" is an aggravating circumstance. KRS 189A.010(11)(e). KRS 189A.010 (5)(a) sets forth the effect an aggravating circumstance has on a first time DUI offender:

> If any of the aggravating circumstances listed in subsection(11) of this section are present while the person was operating or in physical control of a motor vehicle, the mandatory minimum term of imprisonment shall be four (4) days, which term shall not be suspended, probated, conditionally discharged, or subject to any other form of early release.

The controversy results from the language in subsection (5)(a) that requires the aggravating circumstance to have occurred "while the person was operating or in physical control of a motor vehicle...." Such language is not present in subsections (5)(b)-(d) dealing with successive

DUI offenses. Thus, the Kenton District Court embraced the literal language of KRS 189A.010(5)(a) in ruling that first time DUI offenders cannot be subjected to enhanced penalties for the refusal to submit to testing because such could not occur simultaneously with operating the motor vehicle.

■■■■ The interpretation of a statute is a matter of law. "As with any case involving statutory interpretation, our duty is to ascertain and give effect to the intent of the General Assembly." *Beckham v. Board of Education*, Ky., 873 S.W.2d 575, 577 (1994). An appellate court is not at liberty to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used. *Commonwealth v. Frodge*, Ky., 962 S.W.2d 864, 866 (1998). Further, it is neither the duty nor the prerogative of the judiciary to breathe into the statute that which the Legislature has not put there. *Gateway Construction Co. v. Wallbaum*, Ky., 356 S.W.2d 247 (1962).

In amending KRS 189A.010, the Legislature unquestionably intended to create enhanced penalties for a defendant's refusal to submit to an officer's request for breath, blood or urine testing. However, it is clear from the plain language of subsection (5)(a), to the effect that any aggravating circumstance must be "present while the person was operating or in physical control of the motor vehicle," that the Legislature intended to exempt first time offenders who refuse testing from an aggravated sentence. This is the most logical and rational interpretation of the statute because the refusal cannot occur simultaneously with the operation of a mo-

tor vehicle. The testing occurs at the site where the breathalyzer is located.

Contrary to the Commonwealth's position, a literal interpretation of KRS 189A.010(5)(a) does not permit a first time DUI offender to refuse testing with impunity. The consequences for refusing to submit to an officer's request for a blood, breath, or urine test include an automatic suspension of one's driver's license regardless of whether there is ultimately a conviction for the underlying offense (KRS 189A.105); a duty of the prosecutor to oppose any amendment of the DUI charge to a lesser offense (KRS 189A.120); and a denial of hardship privileges (KRS 189A.410). Subsection(5)(a), in providing that the aggravating circumstance must occur while the person was operating or in physical control of the vehicle, simply excludes the refusal to submit to testing from the aggravating circumstances applicable to a first offense DUI.

Had the Legislature intended for first-time DUI offenders who refuse testing to be subject to aggravated penalties, it certainly would have used consistent language throughout KRS 189A.010(5). Indeed, legislative intent is clearly discernable by the different phraseology adopted in subsection (5)(a) as opposed to subsections (5)(b)-(d). which apply to subsequent offenders. Since mandatory jail time is not required for a non-aggravated first offense, it is reasonable to conclude that the Legislature declined to authorize jail time for a first-time offender whose only aggravating circumstance was the refusal to submit to testing. It is important to note that KRS 189A.010(11)(e) is the only aggravating circumstance that does not pose a threat to other citizens using the highways.[1] Un-

---

1.  (11) For purposes of this section, aggravating circumstances are any one (1) or more of the following:

    (a) Operating a motor vehicle in excess of thirty (30) miles per hour above the speed limit;

questionably, the other five enumerated aggravators, which do involve a danger to others, apply to first and subsequent offenders alike.

██ The cardinal rule of statutory construction is "to ascertain the intention from the words employed in enacting the statute and not to guess what the Legislature may have intended but did not express. Resort must be had first to the words, which are decisive if they are clear." *Gateway Construction Co., supra,* at 249 (citations omitted). Here, the statute is not ambiguous and there is no obvious omission. The language of KRS 189A.010(5)(a) is clear, and when read in conjunction with subsections (5)(b)-(d), it plainly exempts first-time DUI offenders from aggravated penalties for failure to submit to blood, breath or urine testing.

The law is so certified.

All concur.

JOHNSTONE, J., not sitting.

(b) Operating a motor vehicle in the wrong direction on a limited access highway;
(c) Operating a motor vehicle that causes an accident resulting in death or serious physical injury as defined in KRS 500.080;
(d) Operating a motor vehicle while the alcohol concentration in the operator's blood or breath is 0.18 or more as measured by a test or tests of a sample of the operator's blood or breath taken within two (2) hours of cessation of operation of the motor vehicle;

(e) Refusing to submit to any test or tests of one's blood, breath, or urine requested by an officer having reasonable grounds to believe the person was operating or in physical control of a motor vehicle in violation of subsection (1) of this section; and
(f) Operating a motor vehicle that is transporting a passenger under the age of twelve (12) years old.