**CITY OF BOWLING GREEN, Kentucky, Appellant**

v.

**Shawn HELBIG, Appellee.**

**No. 2011–CA–001660–MR.**

Court of Appeals of Kentucky.

Sept. 28, 2012.

Discretionary Review Denied by Supreme Court June 12, 2013.

Greg N. Stivers, Scott D. Laufenberg, Bowling Green, KY, for Appellant.

Stephen D. Wolnitzek, Shane C. Sidebottom, Covington, KY, for Appellee.

Before COMBS and NICKELL, Judges; LAMBERT,[1] Senior Judge.

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

*OPINION*

COMBS, Judge:

The City of Bowling Green, Kentucky, appeals from an order of the Warren Circuit Court granting Shawn Helbig's petition for declaration of rights. After our review, we vacate and remand.

Helbig is a police officer with the Bowling Green City Police Department. During one work week in August 2010, Helbig worked 40 hours and claimed two additional hours of annual leave time during which he had not performed work. He later submitted a request for two hours of overtime pay. Earlier in 2010, however, the Bowling Green City Commission had changed its personnel policy for city employees providing that annual leave time would not be counted as "hours worked" for purposes of computing an employee's entitlement to overtime compensation. Pursuant to this new policy, Bowling Green refused to compensate Helbig at the overtime pay rate for the disputed two hours reported as annual leave.

When his request for two hours of overtime pay was denied, Helbig filed a petition for declaration of rights. He contended that the City's refusal to compensate his overtime hours at the higher overtime rate of pay violated Kentucky's wage and hour laws. He also contended that the City's change in its overtime pay policy violated statutory provisions pertaining specifically to overtime pay for members of city police departments.

The trial court agreed and granted Helbig's petition for declaration of rights. It concluded that the City's overtime policy violated statutory provisions related to overtime compensation payable to members of city police departments and that, consequently, annual leave time had to be

included in the total number of hours worked for overtime pay calculations. This appeal followed.

At issue on appeal are the interpretation and relationship of two statutes. Kentucky Revised Statute[s] (KRS) 95.495 is captioned "Hours of work and annual leave for members of police departments in cities of second class or urban-county governments." The City argues that this particularized statute does not modify the generalized overtime requirements set forth at KRS Chapter 337, entitled "Wages and Hours." The circuit court disagreed and concluded that the City's revised overtime policy violated the plain language of KRS 95.495—KRS Chapter 337 notwithstanding. We do not agree with the reasoning of the circuit court.

■■■■ The interpretation of a statute is a matter of law. *Commonwealth v. Gaitherwright*, 70 S.W.3d 411 (Ky.2002). We are charged to interpret the construction and application of statutes *de novo* without deference to the interpretation adopted by the lower court. *Wheeler & Clevenger Oil Co., Inc. v. Washburn*, 127 S.W.3d 609 (Ky.2004). Statutes must be accorded their plain meaning and must be construed so as to conform to legislative intent. *Hardin County Schools v. Foster*, 40 S.W.3d 865, 868 (Ky.2001).

By municipal order, the City revised its overtime policy for city employees in 2010. Municipal Order No. 2010–34 provides, in relevant part, as follows:

Employees eligible for paid overtime shall receive time and one-half for overtime work. Any employee classified as non-exempt and subject to overtime pay ... shall work forty hours in a week *prior* to being eligible for overtime pay. No paid leave, such as sick leave, vacation leave or holidays, shall be counted toward the forty hours of work.

The parties agree that the provisions of the City's municipal order conform to both state and federal wage and hour provisions since overtime pay is only required for non-exempt employees who work in excess of forty hours in a single work week. *See* KRS 337.285 and the Fair Labor Standards Act, 29 U.S.C. §§ 201–219. However, they disagree with respect to whether the City's municipal order conflicts with the provisions of KRS Chapter 95 pertaining specifically to city police departments. KRS 95.495(1) provides as follows:

In all cities of the second class or urban-county government, except those in which, by ordinance, the patrolmen are employed or paid by the day, the members of the police department shall not be required to work more than eight (8) hours per day, for five (5) days each week or ten (10) hours per day, for four (4) days each week, except in the event of an emergency. *Each member of the police department shall have an annual leave of fifteen (15) working days with full pay.* Nothing in this section shall prohibit a member of the police department from voluntarily agreeing to work a different work schedule provided that the officer is paid overtime *for any work performed* in excess of forty (40) hours per week. (Emphases added).

After carefully analyzing the language, the circuit court rejected the City's position and concluded that the plain meaning and legislative intent of KRS 95.495 allocating to members of the police department annual leave of "fifteen (15) working days with full pay" was to require the inclusion of annual leave time in the total hours worked per week for the purpose of calculating overtime pay.

The City asserts that the circuit court ignored general principles applicable to hourly employees under both federal and state law when it interpreted the provi-

sions of KRS 95.495. It argues that the statute plainly requires overtime pay only for **hours worked** in excess of forty (40) hours per week and not the inclusion of annual leave time for purposes of creating an employee's entitlement to overtime compensation.

The City is correct in arguing that KRS 337.285(1) prohibits employers from employing any employee for a work week longer than forty (40) hours unless the employee is compensated at an overtime rate. And it concedes that the provisions of KRS 337.285 allow employers to determine whether vacation and leave time may count toward an employee's total number of hours worked for purposes of computing overtime compensation.

At issue before us is the impact of the highly specific statutory provision concerning compensation for members of the city police force. The provisions of KRS 95.495(1) require that each member of a city police department be given "an annual leave of fifteen (15) **working days** with full pay." (Emphasis added.) The statute creates a clear exception for this class of police officers, providing that they are entitled to annual leave equalling fifteen (15) **working days.**

Officer Helbig argues that KRS 95.495(1) entitles police officers in second class cities to utilize these 15 days of paid annual leave as an overtime bonus pay rather than as regular work days to be compensated at the regular rate of pay. He contends that the city ordinance runs afoul of this specific statute in attempting to define it. He also argues that KRS 95.495(1) is more favorable than KRS Chapter 337 with respect to police officers in particular.

It is black-letter law that in case of a conflict between two statutes governing the same issue, the more specific is to be given preference over the general.

This time-honored rule of statutory construction was applied in *Parts Depot, Inc. v. Beiswenger,* 170 S.W.3d 354, 361 (Ky. 2005), quoting *Meyers v. Chapman Printing Co., Inc.,* 840 S.W.2d 814, 819 (Ky. 1992):

> The applicable rule of statutory construction where there is both a specific statute and a general statute seemingly applicable to the same subject is that the specific statutes controls.

After our review of the language of both statutes and the city ordinance, we have discovered no conflict entitling one to priority over the other. As we quoted earlier in this opinion, the last sentence of KRS 95.495(1) concludes as follows:

> Nothing in this section shall prohibit a member of the police department from voluntarily agreeing to work a different work schedule provided that the officer is paid overtime **for any work performed** in excess of forty (40) hours per week. (Emphasis added.)

Time actually worked (forty hours' worth) is contemplated and required as a condition precedent for qualification for overtime pay. Nothing in the statute presupposes or suggests that the 15 days of paid annual leave can be tapped in whole or in part as a reservoir from which to draw unworked hours, to tack them on to the total of 40 hours worked—and then to receive overtime pay for hours during which work was not actually performed following a 40–hour work period.

The disputed language of the city ordinance provides: "No paid leave, such as sick leave, vacation leave or holidays shall be counted toward the forty hours of work." Municipal Order No.2010–34, amending the Administrative Personnel Policy and Procedures Manual of the City of Bowling Green. The language of the

ordinance mirrors rather than conflicts with the language of KRS 95.495.

No process of strained statutory construction is necessary on our part in light of the plain language of both statutes and the ordinance before us. In *Demko v. United States*, 216 F.3d 1049, 1053 (Fed. Cir.2000), a federal court articulated a metaphor that is particularly appropriate for this case: "When a statute is as clear as a glass slipper and fits without strain, courts should not approve an interpretation that requires a shoehorn."

Therefore, we vacate the order of the circuit court and remand for entry of an appropriate order consistent with this opinion.

ALL CONCUR.