RENDERED: JUNE 28, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0843-MR

WILLIAM DOUGLAS COPE
APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.       HONORABLE JULIE KAELIN, JUDGE
ACTION NOS. 06-CR-000844, 14-CR-002404, AND 17-CR-003633

COMMONWEALTH OF KENTUCKY
APPELLEE

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: William Cope appeals from the denial of his Kentucky Rules of Civil Procedure (CR) 60.02 motion in which he sought to vacate three felony convictions. Appellant claims that he was not subject to amended versions of the Kentucky Sex Offender Registration Act and the convictions he received for violating said act were erroneous and should be

vacated. We find that his conviction in case 06-CR-000844 was illegal and must be vacated, but that the other convictions were proper.

## FACTS AND PROCEDURAL HISTORY

On September 16, 1994, Appellant was convicted of three counts of third-degree rape,[1] and was sentenced to two and a half years in prison. Pursuant to the 1994 version of KRS 17.520, which is part of the Kentucky Sex Offender Registration Act, upon his release, Appellant was to register as a sex offender for ten years. Appellant served out his sentence and was released on September 19, 1996. On this date, his ten-year registration period began. Also relevant is that the 1994 version of KRS 17.510 made it a class A misdemeanor to fail to register.

On March 10, 2006, Appellant was charged with failing to comply with the sex offender registry because he failed to notify his probation officer of his change of address. At the time, this charge was a felony because in 2000, KRS 17.510 was amended to increase the penalty for failing to properly register as a sex offender from a class A misdemeanor to a class D felony. On March 20, 2006, Appellant pleaded guilty to the charge and was sentenced to two years in prison. This was case 06-CR-000844.

On September 16, 2014, Appellant was again charged with failing to comply with the sex offender registry because he was not living at the address he

---

[1] Kentucky Revised Statue (KRS) 510.060.

had listed on the registry. He was also charged as being a persistent felony offender (PFO) in the first degree.[2] Appellant eventually accepted a plea agreement that would dismiss the PFO charge in exchange for him pleading guilty to the registration charge. On May 4, 2016, Appellant was sentenced pursuant to the plea agreement and ordered to serve two years in prison. This was case 14-CR-002404.

On December 7, 2017, Appellant was again charged with failing to comply with the sex offender registry because he again did not inform his probation officer that he had changed his address. He was also charged with a number of other crimes. On May 26, 2019, Appellant pleaded guilty and was sentenced to fifteen years in prison. This was case 17-CR-003633.

On May 22, 2023, Appellant filed the underlying CR 60.02 motion seeking to have his convictions in the three above cases vacated. He argued that in 06-CR-000844, he should have been charged with a misdemeanor as opposed to a felony. For cases 14-CR-002404 and 17-CR-003633, he argued that he had completed his ten-year sex offender registration requirement in 2006 and should not have been charged with failure to comply with the sex offender registry. The trial court denied the motions and this appeal followed.

---

[2] KRS 532.080(3).

# STANDARD OF REVIEW

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

CR 60.02.

We review a court's denial of a CR 60.02 motion for abuse of discretion. *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011).

> The decision as to whether to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within the sound discretion of the trial court. The rule provides that a court may grant relief from its final judgment or order upon various grounds. Moreover, the law favors the finality of judgments. Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances.

*Id.* (citations omitted).

-4-

CR 60.02 "is designed to provide relief where the reasons for the relief are of an extraordinary nature." A very substantial showing is required to merit relief under its provisions. Moreover, one of the chief factors guiding the granting of CR 60.02 relief is the moving party's ability to present his claim prior to the entry of the order sought to be set aside.

*U.S. Bank, NA v. Hasty*, 232 S.W.3d 536, 541-42 (Ky. App. 2007) (citations omitted).

In those instances where grounds . . . for relief under a 60.02 motion are such that they were known or could have been ascertained by the exercise of due diligence prior to the entry of the questioned judgment, then relief cannot be granted from the judgment under a 60.02 proceeding. Relief afforded by a 60.02 proceeding is extraordinary in nature and should be related to those instances where the matters do not appear on the face of the record, were not available by appeal or otherwise, and were discovered after rendition of the judgment without fault of the party seeking relief.

*Bd. of Trustees of Policemen's & Firemen's Ret. Fund of City of Lexington v. Nuckolls*, 507 S.W.2d 183, 186 (Ky. 1974).

## ANALYSIS

We believe that the trial court did not err in denying Appellant's motions. Appellant argued that CR 60.02(f) applied in his case. A CR 60.02(f) motion has to be filed within a reasonable time. Appellant filed his motions on May 22, 2023. This was seventeen years after his conviction in 06-CR-000844, seven years after his conviction in 14-CR-002404, and four years after his

conviction in 17-CR-003633. The motions were untimely and bar relief in 14-CR-002404 and 17-CR-003633; however, as will be discussed later, the untimeliness does not bar relief for case 06-CR-000844.

In addition, we believe these issues were known or could have been discovered at the time of his convictions and should have been brought via a direct appeal or a motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 alleging ineffective assistance of counsel. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). Again, this bars relief for cases 14-CR-002404 and 17-CR-003633, but not for 06-CR-000844.

Even if Appellant's motions were timely and properly brought, he would still not prevail in cases 14-CR-002404 and 17-CR-003633. Appellant argues that he had no obligation to register as a sex offender after 2006 because that was the end of his ten-year registration period; therefore, his convictions in 14-CR-002404 and 17-CR-003633 are illegal. We disagree.

KRS 17.520(4) states:

> If a person required to register under this section is reincarcerated for another offense or as the result of having violated the terms of probation, parole, postincarceration supervision, or conditional discharge, the registration requirements and the remaining period of time for which the registrant shall register are tolled during the reincarceration.

This tolling provision was first included in this statute in 1998. The 1998 amendment indicated that this tolling section would apply to "persons individually sentenced or incarcerated after the effective date of this Act." 1998 Ky. Acts ch. 606, § 199. The effective date of the act was January 15, 1999.

Appellant was released from prison in 1996. Although we have listed some of Appellant's convictions and prison terms previously in this Opinion, he has others and has been in and out of prison ever since 1996. The record before us has limited information regarding the other sentences, but it appears as though Appellant received a new conviction and prison sentence in either 2000 or 2001. He was then incarcerated again in 2006 as mentioned above. When Appellant was reincarcerated after the 1998 amendments went into effect, his registration period began tolling pursuant to KRS 17.520(4) and 1998 Ky. Acts ch. 606, § 199 (eff. Jan. 15, 1999). Each new period of incarceration would again toll the registration period. A 2022 letter in the record from the Kentucky State Police, which administers the sex offender registry, stated Appellant still has one year and nineteen days left in his registration period due to his incarcerations tolling the registration period.

Appellant argues that the tolling period only applies to reincarcerations for sex crimes. He bases this argument on the case of *Buck v. Commonwealth*, 308 S.W.3d 661 (Ky. 2010). In *Buck*, William Buck was

convicted of a sex crime in 1985 and received a three-year probated sentence. In 1987, Buck was convicted of two additional, unrelated felonies. He was then sentenced to twenty-three years in prison for all three convictions. Kentucky's sex offender registration law did not come into being until 1994. Only those convicted after the law came into effect were required to register as a sex offender. 1994 Ky. Acts ch. 392, § 6 (eff. Apr. 11, 1994). Buck was granted parole in 1997, but because the 1994 sex offender law only applied to sex crime convictions after its effective date, Buck was not required to register as a sex offender.

In 2000, Buck violated his parole and was incarcerated. Due to the 1998 amendment discussed previously, going forward, Buck would be required to register as a sex offender because he was reincarcerated for his original sex crime. The Court stated: "The 1998 version of SORA[3] was made applicable to those sentenced *or incarcerated* for a sex crime after the effective date of the act. 1998 Ky. Acts ch. 606, § 199 (uncodified). As a result, Buck became subject to SORA when he returned to prison in February 2000." *Buck*, 308 S.W.3d at 666 (footnote omitted) (emphasis in original). Appellant argues that the "incarcerated for a sex crime" language means, since his reincarcerations were not for sex crimes, the 1998 tolling amendments do not apply to him. We disagree.

---

[3] Sex Offender Registration Act.

First, in *Buck*, we believe the "incarcerated for a sex crime" language used by the Kentucky Supreme Court was the Court stating that Buck was reincarcerated for his original sex crime due to his violating the conditions of his parole. We do not believe the Court was stating that, in order for sex offenders to be subject to the 1998 amendments, they had to always be incarcerated for a sex crime. As previously stated in this Opinion, the law cited by the Court, 1998 Ky. Acts ch. 606, § 199, states that "persons individually sentenced or incarcerated after the effective date of this Act" become subject to its provisions. That section does not use the phrase "sex crime." We believe the Supreme Court used the phrase "incarcerated for a sex crime" in *Buck* because Buck was convicted of a sex crime before the sex offender registration act came into existence, and the Court wanted to reiterate that Buck was incarcerated for his original sex crime after the 1994 law and 1998 amendments came into effect. We do not agree with Appellant's interpretation that this statement in *Buck* requires his reincarcerations to be based on sex crimes in order for the 1998 tolling amendment to apply.

In addition, the *Buck* language cited by Appellant is dicta; therefore, it is not binding on this Court. *Cawood v. Hensley*, 247 S.W.2d 27, 29 (Ky. 1952). When that language was used, the Court in *Buck* was giving a history of the sex offender registration act and how it applied to Buck. The issue in *Buck* was whether the level of punishment for violating the registration act and number of

requirements for registration had become so severe over the years as to be illegal *ex post facto* punishments. There was no argument that the registration requirements did not apply to him at all.

In summary, we disagree with Appellant's interpretation of the language he relies upon in *Buck*. Also, that language is dicta and not binding. The 1998 amendments, including the tolling provision, apply to anyone incarcerated at the time it went into effect, so long as they were convicted of a sex crime, were required to be on the sex offender registry, and their registration period had not yet expired. Since Appellant still had time left on his registration period, the tolling provision in the 1998 amendment to KRS 17.520 applied to him when he was reincarcerated after his release from prison in 1996. In addition, KRS 17.520(4), as cited previously, does not state that reincarceration must be for a sex crime, only reincarceration for another offense. Appellant was reincarcerated for another offense when he was convicted of failing to keep his sex offender registry information up to date. Appellant's convictions in 14-CR-002404 and 17-CR-003633 were proper.

Appellant also argues on appeal that his being convicted of a felony in case 06-CR-000844, instead of a misdemeanor, was erroneous. This argument, unlike the previous ones, does have merit and is not stymied by the "reasonable time" language in CR 60.02.

-10-

Appellant was first required to register as a sex offender under the 1994 version of the sex offender registration act. As previously discussed, under the 1994 version of KRS 17.510, violating the registration provision was a class A misdemeanor, and when the statute was amended in 2000, violating the registration provisions became a class D felony. The 2000 amendment increasing the penalty to a felony was applicable "to all persons who, after the effective date of this Act, are required . . . to become registrants[.]" 2000 Ky. Acts ch. 401, § 37 (eff. Apr. 11, 2000).

Appellant argues that, since he became a registrant in 1996, the 2000 amendments did not apply to him. Appellant is correct. Based on the above language in 2000 Ky. Acts ch. 401, § 37, only those people who first become registrants after the effective date of the 2000 amendment were eligible to be prosecuted for a felony.[4] The cases of *Peterson v. Shake*, 120 S.W.3d 707, 709 (Ky. 2003), and *Dickerson v. Commonwealth*, 174 S.W.3d 451, 459-60 (Ky. 2005), specifically hold as such. When Appellant was charged with failing to comply with the sex offender registry in March of 2006, he could only be charged with a misdemeanor.

---

[4] A 2006 amendment to this statute came into effect on July 12, 2006, and made the felony charge applicable to all registrants, both new and old. Appellant was convicted in case 06-CR-000844 on March 20, 2006; therefore, the 2006 amendment is not applicable here.

-11-

The question now turns to, should Appellant's conviction in 06-CR-000844 be vacated even though this issue could have been raised on direct appeal or anytime in the past eighteen years? Yes, we believe that the conviction must be vacated.

> While trial courts are afforded discretion to address what constitutes a reasonable time under CR 60.02 . . . , the law is clear that void judgments are not entitled to any respect or deference by the courts. A void judgment is a legal nullity, and a court has no discretion in determining whether it should be set aside.

*Phon v. Commonwealth*, 545 S.W.3d 284, 306-07 (Ky. 2018) (internal quotation marks and citations omitted). "[U]nder Kentucky law, if the sentence was void, then no time limitations apply. A void judgment cannot gain validity simply because a defendant waits too long to attack the legality of the sentence." *Id.* at 307. "The trial court has inherent authority to correct an unlawful sentence, at any time." *Id.* at 308. "A sentence that lies outside the statutory limits is an illegal sentence, and the imposition of an illegal sentence is inherently an abuse of discretion." *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010). This applies even when a defendant pleads guilty to an illegal sentence, *id.*, such as occurred in this case.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment in regard to cases 14-CR-002404 and 17-CR-003633. Appellant's CR 60.02 motions were

-12-

untimely and inappropriate based on the issues raised. In addition, even if the motions were well taken, Appellant is still unsuccessful on the merits. As for case 06-CR-000844, we believe this conviction must be vacated as it was illegal. Appellant was convicted of a felony, but the statutes at the time only made him eligible to be charged with a misdemeanor. We reverse the court's denial of Appellant's CR 60.02 motion for case 06-CR-000844 and remand. On remand, the trial court is to grant Appellant's CR 60.02 motion for case 06-CR-000844 and vacate that conviction.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Bailey Brown
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky