**COMMONWEALTH of Kentucky, Appellant,**

v.

**Daniel NEWMAN, Appellee.**

**No. 2002–CA–001384–MR.**

Court of Appeals of Kentucky.

Sept. 10, 2004.

Albert B. Chandler, III, Attorney General, David A. Smith, David A. Sexton, Gregory D. Stumbo, Assistant Attorneys General, Frankfort, KY, for appellant.

Steven N. Howe, Dry Ridge, KY, for appellee.

Before JOHNSON, TAYLOR, and VANMETER, Judges.

### OPINION

JOHNSON, Judge.

The Commonwealth has appealed from an order of the Boone Circuit Court entered on June 12, 2002, which, after determining that Daniel Newman was not required to register as a sex offender, dismissed the indictment against him. Having concluded that the trial court did not err by determining that Newman was not required to register as a sex offender or by dismissing the indictment against him, we affirm.

The facts and procedural history of this case are simple and not in dispute. In 1990 Newman was convicted on four counts of sodomy in the first degree,[1] 12 counts of sodomy in the second degree,[2] and five counts of sexual abuse in the first degree.[3] The crimes for which Newman was convicted occurred during the years 1988 and 1989. According to the record, Newman was sentenced to a total of 15 years' imprisonment, and was discharged from prison on October 31, 1997. On August 7, 2001, a Boone County grand jury indicted Newman on three counts of failing to register as a sex offender,[4] and as being a persistent felony offender in the first degree.[5] On August 28, 2001, Newman entered pleas of not guilty to all of the charges in his indictment.

On November 21, 2001, Newman filed a motion to dismiss the indictment against him, arguing, inter alia, that since "the sex offender registration law was enacted after the date of the commission of the [sex] offenses" for which Newman had been convicted, he was not required to register as a sex offender. Hence, according to Newman, he could not be prosecuted for failing to register as a sex offender.

On June 12, 2002, after giving both parties time to submit written memoranda in support of their respective positions, the

1. Kentucky Revised Statutes (KRS) 510.070.
2. KRS 510.080.
3. KRS 510.110.
4. KRS 17.510(11).
5. KRS 532.080(3).

trial court granted Newman's motion to dismiss the indictment against him. The trial court found that "[a] review of the statutes, legislative history and case law would indicate that [ ] Newman is not required to register" as a sex offender. This appeal followed.

The Commonwealth's sole argument on appeal is that the trial court erred by determining that Newman was not required to register as a sex offender under KRS 17.500 *et seq.* We disagree and hold that Newman was not required to register as a sex offender, and that the trial court therefore did not err by dismissing the indictment against him.

As our Supreme Court recently noted in *Hyatt v. Commonwealth,*[6] the General Assembly first passed the Sex Offender Registration Act (Act), which is codified at KRS 17.500 *et seq.,* in 1994.[7] The legislative history accompanying the passage of the Act stated that the registration provisions were to "apply to persons convicted after the effective date of this Act".[8] Since its enactment in 1994, the Act has been amended twice; once in 1998 and again in 2000. The legislative history accompanying the 1998 amendments stated that the registration provisions were to apply to "persons individually sentenced or incarcerated after the effective date of this Act".[9]

In the case at bar, it is not disputed that Newman was convicted of the sex crimes at issue in 1990, and that he was discharged from prison in 1997. Hence, Newman was not required to register under the 1994 version of the Act, since his convictions occurred four years prior to the original enactment. Similarly, Newman was not required to register after the passage of the 1998 amendments, since he was not a person who had been "sentenced or incarcerated after the effective date" of the 1998 amendments. Therefore, prior to the passage of the 2000 amendments to the Act, Newman was not required to register as a sex offender.

As we have noted, the Act was amended once again in 2000. The legislative history accompanying these amendments specifically provided that the registration provisions "shall apply to all persons who, *after the effective date of this Act, are required under Section 16 of this Act to become registrants,* as defined in Section 15 of this Act" [emphasis added].[10] Section 16 of Chapter 401, which is now codified at KRS 17.510, provides in pertinent part as follows:

(2) A registrant[11] shall, *on or before the date of his or her release by the court, the parole board, the cabinet, or any detention facility,* register with the appropriate local probation and parole office in the county in which he or she

---

6. Ky., 72 S.W.3d 566, 569 (2002).

7. The Act is commonly referred to as "Megan's Law."

8. *See* 1994 Kentucky Acts, Ch. 392, § 6. *See also Hyatt, supra* at 570 (noting that the 1994 enactment "applied to any person who pled guilty or was convicted of a sex crime after July 15, 1994").

9. *See* 1998 Kentucky Acts, Ch. 606, § 199.

10. *See* 2000 Kentucky Acts, Ch. 401, § 37.

11. KRS 17.500(4), formerly Section 15 of Chapter 401, provides in full as follows:

"Registrant" means:
(a) Any person eighteen (18) years of age or older at the time of the offense or any youthful offender, as defined in KRS 600.020, who has committed:
1. A sex crime; or
2. A criminal offense against a victim who is a minor; or
(b) Any person required to register under KRS 17.510(6) or (7); or
(c) Any sexually violent predator.

intends to reside. The person in charge of the release shall facilitate the registration process [emphasis added].

Therefore, while Newman meets the statutory definition of a "registrant," he was not required to become "registered" under the current version of KRS 17.510. According to the express terms of KRS 17.510, and the legislative history quoted above, the current version of the Act places a duty to register on "registrants" who have been or will be released by "the court, the parole board, the cabinet, or any detention facility" after the effective date of the 2000 amendments.[12]  In this case, Newman was discharged from prison in October 1997, which was approximately three years prior to the effective date of the 2000 amendments.  Hence, Newman was not required to register under the current version of the Act.

In sum, neither the original version of the Act which took effect in July 1994, nor the 1998 or 2000 amendments to the Act placed a duty upon Newman to register as a sex offender.  Accordingly, since Newman was not required to register as a sex offender, the trial court did not err by dismissing the indictment against him.

Based on the foregoing, the order of the Boone Circuit Court is affirmed.

VANMETER, Judge, concurs.

TAYLOR, Judge, concurs in result only.

12.  *See Peterson v. Shake*, Ky., 120 S.W.3d 707, 709 (2003)(stating that "[i]t is quite apparent that the 2000 amendments were only intended to apply to persons who were required to *become* registrants following April 11, 2000" [emphasis original] ).