COMMONWEALTH of Kentucky, Appellant,

v.

Anthony NASH, Appellee.

No. 2010–SC–000065–DG.

Supreme Court of Kentucky.

May 19, 2011.

Jack Conway, Attorney General, James Coleman Shackelford, Assistant Attorney General, Office of Criminal Appeals, Frankfort, KY, Counsel for Appellant.

Samuel N. Potter, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

Appellee, Anthony Nash, was convicted, pursuant to a conditional guilty plea, of a first offense violation of Kentucky's Sex Offender Registration Act (a Class D felony), and being a second-degree persistent felony offender. Because Appellee was not required to register as a sex offender, we vacate the opinion of the Court of Appeals, and likewise we vacate the convictions, and remand to the trial court with instructions to dismiss the indictment.

## FACTS

Appellee was convicted of burglary in the third degree (Class D felony) on June 23, 1992, for which he received a one-year sentence. With all his credits, he served out his sentence on February 1, 1993. He was convicted of two counts of third-degree sodomy (Class D felonies) on December 14, 1993. He received a three-year sentence on each count, to be served consecutively, for a total of six years. Appellee was paroled November 26, 1996, and revoked in March of 1997. He served out the remainder of his sentence and *was released on October 1, 1997.*[1] On April 26, 1999, Appellee was convicted of receiving stolen property over $300 in value (a Class

D felony) and being a second-degree persistent felony offender, for which he received a five-year sentence. With credits, he served out his sentence and was released on December 31, 2001.

On January 9, 2007, a Fayette County grand jury returned an indictment[2] charging Appellee for non-compliance with Kentucky's Sex Offender Registration Act (SORA),[3] in violation of KRS 17.510(11). The indictment alleged, in pertinent part:

Count 1: On or about the 25th day of October, 2006, in Fayette County, Kentucky, the above named defendant committed the offense of Failure to Comply With Sex Offender Registration by failing to notify the appropriate law enforcement agency of his change of address, having been convicted as a sex offender in Fayette County, Kentucky in 1993 and having been previously convicted in Fayette District Court of Failure to Comply With Sex Offender Registration in 2006 and 2005[.]

As a subsequent offense, the charge in Count 1 was a Class C felony.[4] Count 2 of the indictment charged Appellee with being a second-degree persistent felony offender (PFO II) based on his previous

---

1. The record is not entirely clear on some dates and facts, but the Assistant Attorney General, James C. Shackelford, in a display of candor to the Court, provided opposing counsel and the Court with the "Kentucky Corrections Resident Record Card[s]" of the Appellee. At the beginning of oral argument, the Chief Justice announced the filing (treated as a motion to supplement the record) would be granted and accepted into the record. Counsel for the Appellee, Samuel N. Potter, publicly thanked Mr. Shackelford for his filing and candor. The "Resident Record Cards" gave the parties and the Court the facts needed that were missing from the hazy record. During oral argument, counsel, as well as the Court, discussed the case assuming the "Resident Record Cards" were accurate. At the end of oral argument, Chief Justice Minton

complimented both attorneys for acting professionally and for presenting "the truth." For judicial economy, the Court is accepting the supplemental record as accurate, or "the truth," of the missing facts without the need for further stipulations of fact, nor the need for a remand to the trial court for further findings of fact. For purposes of this case, we are accepting the "Resident Record Cards" as reliable evidence of the missing facts.

2. Fayette Circuit Court Case No. 07–CR–00034.

3. KRS 17.500 *et seq.*

4. KRS 17.510(11).

felony conviction for receiving stolen property.

On March 30, 2007, Appellee filed a motion to amend the indictment for the registration violation to a Class A misdemeanor on grounds that the application to him of the 2006 amendments to SORA[5] was unconstitutional on *ex post facto* grounds. The trial court denied Appellee's motion.

On August 31, 2007, Appellee entered a conditional guilty plea to failure to comply with the Sex Offender Registration Act, first offense (a Class D felony),[6] and PFO II, reserving the right to appeal from the trial court's denial of his motion to amend the indictment. (Fayette Circuit Court Case No. 07–CR–00034). On September 13, 2007, Appellee received a five-year sentence for the Class D felony, enhanced to ten years by the PFO II. The trial court probated the sentence for five years. This case (07–CR–00034) is the subject of the appeal herein.

The record indicates that in 2008, Appellee was again convicted of failing to comply with SORA, first offense (another Class D felony), for which he received a five-year sentence to run consecutively with his prior ten-year sentence, for a total of fifteen years to serve (Fayette Circuit Court Case No. 08–CR–00075).[7] Appellee's probation on the earlier ten-year sentence was revoked. Appellee is scheduled to be released on a serve out sometime between July 11, 2016, and September 11, 2021, depending upon credits earned, etc.

The Court of Appeals reversed Appellee's conviction in 07–CR–00034 in an opinion rendered January 22, 2010, concluding the application of the 2006 SORA amendments (which increased the penalty on those required to register under current or prior law from a Class A misdemeanor to a Class D felony)[8] was an *ex post facto* law as applied to Appellee. On April 22, 2010, this Court rendered *Buck v. Commonwealth*, 308 S.W.3d 661 (Ky.2010), upholding the constitutionality of the 2006 amendments to SORA. The Commonwealth requested discretionary review, which this Court granted on October 13, 2010. Before this Court, Appellee argues for the first time that he was never required to register for the 1993 conviction under the 1994 SORA or any amendments thereto. Appellee is correct.

*Kentucky's Sex Offender Registration Act*

To fully understand this case we need to look at the original requirement for certain sex offenders to register, and the amendments thereto, to date. KRS 17.500 *et seq.* is commonly referred to as Kentucky's version of "Megan's Law,"[9] or the "Sex Offender Registration Act" (SORA).[10] The first version was adopted by the General Assembly in 1994.[11] Under this version, persons convicted of certain sex crimes[12] *after the effective date of the Act, July 15, 1994,* were required to register for a period of ten years after their final release from prison, parole, probation, etc. Failure to register, or providing false, mislead-

---

**5.** 2006 Ky. Acts ch. 182.

**6.** Per the plea agreement, the charge was amended to a first (Class D felony), rather than subsequent (Class C felony), offense.

**7.** The record shows two different dates for this conviction—June 27, 2008 and July 15, 2008. Either date does not affect the outcome of this case.

**8.** Class C for subsequent offense.

**9.** *Hyatt v. Commonwealth*, 72 S.W.3d 566, 569 (Ky.2002).

**10.** 1994 Ky. Acts ch. 392, § 5.

**11.** 1994 Ky. Acts ch. 392.

**12.** 1994 Ky. Acts ch. 392, § 1(4).

ing, or incomplete information was deemed a Class A misdemeanor.[13] The Act only applied to those *convicted* of a qualifying sex crime *after* the effective date of the Act, July 15, 1994, regardless of the release date.[14] Appellee was convicted of the sex crimes at issue on *December 14, 1993.* Under the clear wording of the 1994 Act, he was not required to register upon conviction or release.

In 1998, SORA was amended.[15] "The principal change ... was the creation of a classification as to the potential for recidivism. The law also provided for a risk assessment." [16] The 1998 Act provided the registration requirements "shall apply to persons individually sentenced *or incarcerated after* the effective date of this Act [July 15, 1998]." [17] Appellee had served out on his qualifying sex crimes on October 1, 1997. Under the 1998 amendments to SORA, Appellee was not required to register.

SORA was amended again in 2000.[18] This amendment eliminated the need for a risk assessment, based the length of regis-

tration on the offense committed, and required the registrant to register on or before the day of release.[19] This amendment also placed residency restrictions on a registrant released on probation, parole, or supervised release.[20] The penalty for failing to register, or for providing false or misleading information, was increased from a Class A misdemeanor to a Class D felony.[21] The 2000 amendment applied to "all persons who, after the effective date of this Act [April 11, 2000],[22] are required under ... this Act to become registrants[.]" [23] Appellee committed his sex crimes in 1993 and was released on a serve out on October 1, 1997. Under the 2000 amendments, Appellee had no requirement to register.[24]

SORA was amended again in 2006.[25] The 2006 amendments subjected those required to register under this or prior law to a Class D felony for the first offense of violating the registration law and enhanced the penalty for subsequent offenses to a Class C felony.[26] The amendments also expanded the residency restrictions and

**13.** 1994 Ky. Acts ch. 392, § 2(8) & (9).

**14.** 1994 Ky. Acts. ch. 392, § 6; *Hyatt*, 72 S.W.3d at 570.

**15.** 1998 Ky. Acts ch. 606, §§ 138–155.

**16.** *Hyatt*, 72 S.W.3d at 570.

**17.** 1998 Ky. Acts ch. 606, § 199 (emphasis added). Some provisions of the Act became effective July 15, 1998, some effective December 1, 1998, and the rest became effective January 15, 1999.

**18.** 2000 Ky. Acts ch. 401.

**19.** 2000 Ky. Acts ch. 401, §§ 16–18.

**20.** 2000 Ky. Acts ch. 401, § 29.

**21.** 2000 Ky. Acts ch. 401, § 16(11) & (12).

**22.** 2000 Kentucky Acts Chapter 401, Section 40, declared an emergency. Being an emer-

gency, the effective date of the 2000 amendments was April 11, 2000. *Buck*, 308 S.W.3d at 663 & 666, erroneously stated the effective date as July 2000, which error does not affect the holding therein.

**23.** 2000 Ky. Acts ch. 401, § 37. *See Peterson v. Shake*, 120 S.W.3d 707 (Ky.2003).

**24.** *See Commonwealth v. Newman*, 145 S.W.3d 416 (Ky.App.2004).

**25.** 2006 Ky. Acts ch. 182.

**26.** 2006 Ky. Acts ch. 182, § 6(11) & (12). This amendment supercedes our holding in *Peterson*, to the extent that those required to register under *prior law* are also subject to a Class D felony for first offense of violating the registration law and Class C for subsequent offenses. In *Buck*, 308 S.W.3d 661, we held that increasing the penalty before a violation occurred did not violate the prohibition on *ex post facto* laws.

increased the penalty for violating such.[27] As Appellee was not required to register under prior versions of SORA, he was not required to register under the 2006 revisions.

SORA was revised in 2007 to include human trafficking involving commercial sexual activity of minors,[28] reorganizations, etc.,[29] none of which are involved in the case herein. SORA was amended in 2008 [30] to deal with the collection, etc., of DNA samples of registrants. Again, this was not an issue in the case of Appellee.

Appellee was never required to register under any version of SORA.

## ANALYSIS

■■■ Appellee entered a conditional guilty plea to the registration violation charge (and PFO II), reserving the right to appeal the trial court's denial of his motion to amend (on *ex post facto* grounds). His argument that he never had to register was not made below, having first been made to this Court, and hence is not preserved. This Court therefore reviews for manifest injustice. RCr 10.26.

■■ On appeal from a conditional guilty plea, this Court will consider an issue which "involve[s] a claim that the indictment did not charge an offense *or* the sentence imposed by the trial court was manifestly infirm[.]" [31] Appellee was never required to register under any version of SORA. As he was not required to register, he cannot be guilty of the crime of failing to register, and *any* sentence imposed would be manifestly infirm. Under the facts of this case, the indictment

should be dismissed.[32] As it stands, the Appellee sits in prison wrongfully convicted.

## CONCLUSION

For the foregoing reasons, the opinion of the Court of Appeals is vacated and the judgment of the Fayette Circuit Court is likewise vacated, and the matter remanded directly to the Fayette Circuit Court, with instructions to set aside or vacate the judgment and sentence in the above-styled case, and to dismiss the indictment therein, and to order the release of the Appellee, Anthony Nash, from these charges.

ABRAMSON, CUNNINGHAM, NOBLE, and SCOTT, JJ., concur.
VENTERS, J., dissents by separate opinion in which MINTON, C.J., joins.

VENTERS, J., dissenting:

This case presents what appears to be, and what we must hope to be, truly remarkable and extraordinary circumstances. Despite being prosecuted and convicted on three separate occasions for violating the Sex Offender Registration Act, it now appears that Appellee was innocent because he was never required to register as a sex offender in the first place. What seems to be readily apparent to us now escaped the attention of his lawyers, the prosecutors, and the judges *three times*. If true, that must serve as a sobering reminder to all segments of the criminal justice system, including this Court, how easy it is to overlook the obvious, and

27. 2006 Ky. Acts ch. 182, § 3.

28. 2007 Ky. Acts ch. 19, § 8(3).

29. 2007 Ky. Acts ch. 85, §§ 99–103.

30. 2008 Ky. Acts ch. 158, §§ 12–14.

31. *Dickerson v. Commonwealth,* 278 S.W.3d 145, 149 (Ky.2009) (emphasis added).

32. *See Newman,* 145 S.W.3d 416.

how quickly one can fall through the cracks in the system. Nevertheless, I dissent.

The apparent facts upon which the Majority acts are enough to shake the faith of the most ardent believers in our system. But they come before us on a limited record, and arise in a most unorthodox means. I would, therefore, temper the haste to correct this *apparent* injustice by respecting our established process for ascertaining the facts—an evidentiary hearing in the circuit court under RCr 11.42 or CR 60.02. Because I believe the Court of Appeals misapplied the *ex-post facto* doctrine when it reversed Appellee's conviction, I would reverse the Court of Appeals, and reinstate the original judgment. Appellee could then proceed to file his post-conviction relief motions so that the facts could arise in the conventional, orderly fashion. In so stating, I presume the Commonwealth's candor and good faith would continue to provide a tailwind to expedite consideration in the circuit court. If we presume in this case that our own procedures for correcting such errors cannot act in time to serve the needs of justice, then we have conceded to our fiercest critics that the process is flawed and in need of repair.

MINTON, C.J., joins.