RENDERED: MAY 9, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0671-MR

COMMONWEALTH OF KENTUCKY          APPELLANT

v.      APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MELISSA L. BELLOWS, JUDGE
ACTION NO. 22-CR-001620

TOMMY EMBREY          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND McNEILL, JUDGES.

McNEILL, JUDGE: The Commonwealth appeals from an order of the Jefferson

Circuit Court granting Tommy Embrey's ("Embrey") motion to dismiss the

indictment against him for failure to comply with sex offender registration. The

court determined Embrey had completed his ten-year registration obligation under

the 1994 version of the Sex Offender Registration Act ("SORA"), KRS[1] 17.500-17.540. The Commonwealth argues subsequent amendments to SORA apply to Embrey, making him a lifetime registrant. We agree and reverse.

## BACKGROUND

In 1996, Embrey was convicted of three counts of third-degree rape and sentenced to two years' imprisonment. He was probated the same year but was later revoked in August 2000 and served out his sentence. In August 2022, Embrey was indicted for failing to register as a sex offender. He moved to dismiss the indictment, arguing he was no longer required to register. Specifically, he argued that because he was convicted in 1996, his registration period was governed by the 1994 version of SORA, which only required ten years' registration. The trial court agreed and dismissed the indictment. This appeal followed.

## ANALYSIS

"Because the lower courts' rulings were based on statutory construction and interpretation of SORA, our review is de novo." *Commonwealth v. Daughtery*, 617 S.W.3d 813, 815 (Ky. 2021) (citation omitted). As an initial matter, Embrey argues the Commonwealth's arguments are not preserved for review because it failed to respond to the motion to dismiss timely. We disagree. Following the dismissal, the Commonwealth moved to file a late response to the

---

[1] Kentucky Revised Statutes.

motion to dismiss, claiming its failure to respond timely was due to a mistake. Embrey's counsel had no objection to the filing of the response, noting, specifically, so that the Commonwealth could preserve its objections. Therefore, Embrey has waived any preservation issue.

Turning to the merits, the Commonwealth argues the trial court erred in concluding Embrey was only subject to a ten-year registration period, and that subsequent amendments apply to Embrey, making him a lifetime registrant. A brief history of SORA is necessary for our determination. SORA was first enacted in 1994. "The Act only applied to those *convicted* of a qualifying sex crime *after* the effective date of the Act, July 15, 1994 . . . ." *Commonwealth v. Nash*, 338 S.W.3d 264, 267 (Ky. 2011) (citing 1994 Ky. Acts ch. 392, § 6).

SORA was amended in 1998. "The 1998 Act provided the registration requirements 'shall apply to persons individually sentenced *or incarcerated after* the effective date of this Act [July 15, 1998].'" *Nash*, 338 S.W.3d at 267 (citing 1998 Ky. Acts ch. 606, § 199). The 1998 amendments also increased the registration period from ten years to lifetime registration under certain conditions. 1998 Ky. Acts ch. 606, § 139.

In 2000, SORA was amended again. The registration periods remained the same but were now based on the offense committed rather than a risk assessment for recidivism. 2000 Ky. Acts ch. 401, §§ 16-18. "The 2000

amendments applied to persons who 'after the effective date of this Act, are required . . . to become registrants . . . .'" *Buck v. Commonwealth*, 308 S.W.3d 661, 666 (Ky. 2010) (citing 2000 Ky. Acts ch. 401, § 37); *see Peterson v. Shake*, 120 S.W.3d 707 (Ky. 2003). SORA was again amended in 2006. "The 2006 amendments increased the registration period for non-lifetime registrants from ten years to twenty years." *Buck*, 308 S.W.3d at 663. Further, "[t]he 2006 amendments subjected those required to register under this or *prior law* to a Class D felony for the first offense of violating the registration law and enhanced the penalty for subsequent offenses to a Class C felony." *Nash*, 338 S.W.3d at 267 (emphasis added) (citing 2006 Ky. Acts ch. 182, § 6(11) & (12)). Relevant to the appeal, SORA was also amended in 2017 and 2018, but the law has remained substantially the same since the 2006 amendments.[2]

Neither party disputes Embrey was required to register as a sex offender under the 1994 Act. The question on appeal is whether subsequent amendments to SORA apply to Embrey, making him a lifetime registrant. The Commonwealth has not argued the 1998 or 2000 amendments apply to Embrey, so we will not address them. The Commonwealth cites two cases, *Commonwealth v. Nash*, 338 S.W.3d 264 (Ky. 2011), and *Buck v. Commonwealth*, 308 S.W.3d 661

---

[2] SORA has been amended numerous times since its inception, but most of these amendments are not relevant to our analysis therefore we omit them.

(Ky. 2010), in support of its position that Embrey is subject to lifetime registration. It points to a footnote from *Nash* which the Commonwealth interprets as holding the 2006 amendments (including its lifetime registration requirement) applicable to those required to register under prior law, in this case, Embrey. However, the language in *Nash* is narrower.

In *Nash*, the Kentucky Supreme Court ruled a defendant convicted of sex crimes in 1993 was not required to register under any version of SORA. In a footnote, the Court acknowledged the 2006 amendment "super[s]edes our holding in *Peterson*, [120 S.W.3d at 708], to the extent that those required to register under *prior law* are also subject to a Class D felony for first offense of violating the registration law and Class C for subsequent offenses." *Nash*, 338 S.W.3d at 267 n.26. The issue in *Peterson* was whether the defendant's failure to register was a misdemeanor under the 1998 version or a felony under the 2000 version. Ultimately, the Court held the 2000 amendment only applied to those required "to *become* registrants" after its effective date, and the defendant was already registered. Thus, the 2000 amendment's felony penalty did not apply to him and his failure to register could only be prosecuted as a misdemeanor under the 1998 Act.

The *Nash* footnote simply recognized that the 2006 amendment extended SORA's felony penalties for failing to register to those required to

register under prior versions of the Act. *See* 2006 Ky. Acts ch. 182, § 6(11) & (12). To that extent, *Peterson* was superseded. *Nash* did not hold that every provision of the 2006 amendment extends to registrants under prior versions of the law. The footnote's language is limiting: the 2006 amendment supersedes *Peterson*'s holding *to the extent* that those required to register under prior law are also subject to the amendment's felony penalty provisions. *Nash*, 338 S.W.3d at 267 n.26.

The Commonwealth cites *Buck* for the proposition that the version of SORA in place at the time a defendant is released sets the applicable registration requirement. However, the language it relies on is dicta and concerns the 2000 amendments to SORA, which the Commonwealth has not argued apply to Embrey. Finally, the Commonwealth contends the sex offender registry requirements in place in 2017 and 2018, when Embrey was released following convictions for flagrant non-support in 2011 and 2014, required him to register as a sex offender for his lifetime.[3]

---

[3] Although the record is incomplete, a review of CourtNet shows Embrey was also convicted of flagrant non-support in 2000 and has been in and out of jail on various probation revocations ever since. It is unclear why the Commonwealth has focused on Embrey's 2011 and 2014 convictions (and releases in 2017 and 2018) rather than his 2000 conviction or multiple probation revocations (and associated releases) to argue that Embrey was subject to lifetime registration under even earlier versions of SORA.

We look to the statute's legislative intent to determine if the 2017 and 2018 versions of SORA apply to Embrey.[4] *See Peterson*, 120 S.W.3d at 709. "[W]e determine the General Assembly's intention from the words employed in enacting the statute." *Peterson*, 120 S.W.3d at 709 (internal quotation marks and citations omitted). "We hold fast to the rule of construction that the plain meaning of the statutory language is presumed to be what the legislature intended . . . ." *University of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017) (internal quotation marks, brackets, and citation omitted). "A court may not interpret a statute at variance with its stated language." *SmithKline Beecham Corp. v. Revenue Cabinet*, 40 S.W.3d 883, 885 (Ky. App. 2001) (citation omitted).

Unlike the 1994, 1998, and 2000 amendments to SORA, the 2017 and 2018 versions lack provisions limiting their applicability. For instance, the 1994 version applied only "to persons convicted after the effective date" of the Act. 1994 Ky. Acts ch. 392, § 6. The 1998 amendments applied to "persons individually sentenced or incarcerated after the effective date of this Act." 1998 Ky. Acts ch. 606, § 199. The 2000 bill stated it "shall apply to all persons who, after the effective date of this Act, are required . . . to become registrants. . . ." 2000 Ky. Acts ch. 401, § 37. In 2006, the General Assembly omitted this language

---

[4] While the Commonwealth's arguments focus on the versions of SORA in place in 2017 and 2018, the relevant provisions on lifetime registration have not changed since 2006.

and has not included language like it in the amendments since. Thus, we look to other language in the Act to determine the legislature's intent.

Under the 2017 or 2018 versions of KRS 17.500, "registrant" is defined as:

> (a) Any person eighteen (18) years of age or older at the time of the offense or any youthful offender, as defined in KRS 600.020, who has committed:
>
> > 1. A sex crime; or
> >
> > 2. A criminal offense against a victim who is a minor; or
>
> (b) Any person required to register under KRS 17.510; or
>
> (c) Any sexually violent predator; or
>
> (d) Any person whose sexual offense has been diverted pursuant to KRS 533.250, until the diversionary period is successfully completed[.]

2017 Ky. Acts ch. 171, § 1; 2018 Ky. Acts ch. 121, § 1. Embrey meets the definition of a registrant because he has been convicted of third-degree rape, a sex crime as defined under KRS 17.500.

Further, the 2017[5] and 2018 versions of KRS 17.520(1) require that a registrant "upon his or her release by the court, the Parole Board, the cabinet, or

---

[5] Although we use the term "2017 version," the 2011 amendment to KRS 17.520 was the version applicable in 2017. *See* 2011 Ky. Acts ch. 2, § 93. However, practically speaking, and for purposes of the issues on appeal, SORA has remained substantially the same since 2006.

any detention facility" register "for a period of time required under this section." 2011 Ky. Acts ch. 2, § 93; 2018 Ky. Acts ch. 121, § 3. Lifetime registration is required for "[a]ny person who has been convicted of two (2) or more felony criminal offenses against a victim who is a minor[.]" *Id.* Embrey has been convicted of three counts of third-degree rape, all felony offenses against a minor victim.

Under a plain reading of the 2017 and 2018 versions of SORA, Embrey was a "registrant" who was required to register for his lifetime upon release following his convictions for flagrant non-support. He meets both the definition of a registrant and the qualifications for lifetime registration. The statute contains no language limiting its provisions to new registrants or persons convicted, sentenced, or incarcerated for sex crimes after either version's effective dates.

So, while Embrey was required to register for ten years under the 1994 version of the SORA, under the 2006 and subsequent versions, he was required to register for his lifetime. Our Supreme Court has repeatedly held that SORA "is a remedial measure designed to protect and inform the public and not to punish the offender." *Martinez v. Commonwealth*, 72 S.W.3d 581, 584 (Ky. 2002); *see also*, *e.g.*, *Hyatt v. Commonwealth*, 72 S.W.3d 566, 569 (Ky. 2002);

*Buck*, 308 S.W.3d at 667. The circuit court erred in holding Embrey had completed his obligation to register as a sex offender.

**CONCLUSION**

The Jefferson Circuit Court's order dismissing the Commonwealth's indictment against Embrey for failure to comply with sex offender registration is reversed and this matter is remanded for further proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Jason B. Moore
Special Assistant Attorney General
Louisville, Kentucky

BRIEF FOR APPELLEE:

William E. Sharp
Leo G. Smith
Louisville, Kentucky