301 S.E.2d 608

**Janet PAULEY, et al.**

v.

**Larrie BAILEY, et al.**

**No. 15821.**

Supreme Court of Appeals of West Virginia.

March 25, 1983.

Daniel F. Hedges, Charleston, for appellees.

Linda Martin, pro se.

Silas B. Taylor, Asst. Atty. Gen., Charleston, for Larry Bailey.

PER CURIAM:

This is an appeal by Linda Martin from an order of the Circuit Court of Kanawha County entered on January 5, 1983, which denied her motion to intervene as a party plaintiff in an action styled *Pauley, et al. v. Bailey, et al.*, Civil Action No. 75–1268. The appellant claims that the circuit court erred in refusing to allow the intervention. We affirm the judgment of the Circuit Court of Kanawha County.

Civil Action No. 75–1268 was instituted in the Circuit Court of Kanawha County in 1975, and in it the plaintiffs sought to challenge certain aspects of the West Virginia educational system. This case was the subject of our decision in *Pauley v. Kelly*, 162 W.Va. 612, 255 S.E.2d 859 (1979), where we remanded the case for further development. Upon remand, extensive hearings were conducted by the trial court extending over a nine-month period. On May 11, 1982, the trial judge issued a lengthy opinion, and on May 21, 1982, he issued a supplemental opinion. Further hearings culminated in an order of September 1, 1982, directing the plaintiffs, the State Board of Education and the State Superintendent of Schools, to develop a master plan.

This order specified that a committee should be selected among major educational groups, including but not limited to, the West Virginia Association of School Administrators, West Virginia Secondary School Principals Commission, West Virginia Elementary School Principals Association, West Virginia State Reading Council, West Virginia Association of Supervisors, West Virginia Education Association, West Virginia State Congress of Parents and Teachers, West Virginia School Boards Association, West Virginia Board of Regents, West Virginia Association of School Service Personnel; and such other persons as deemed necessary and appropriate. The committee was duly selected by the parties, and the appellant Martin was appointed to the committee.

On December 28, 1982, the State Superintendent of Schools presented the master plan to the trial court. The appellant disagreed with certain aspects of the plan and moved to intervene as a separate party plaintiff. The circuit court found that the motion to intervene was not timely filed and denied the appellant's motion to intervene. The court, however, granted the appellant *amicus curiae* status.

We note that appellant's petition for intervention is not based on any claim of right under Rule 24(a), R.C.P., but is a

claim for permissive intervention. Our Rule 24 is analogous to the federal Rule 24 and this case is similar to *NAACP v. New York*, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973), where the Supreme Court upheld denial of intervention in a voting discrimination case as untimely. The Court recognized that Rule 24 requires that intervention must be timely sought and went on to state:

> "Timeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review." 413 U.S. at 366, 93 S.Ct. at 2603, 37 L.Ed.2d at 662–63. (Footnotes omitted)

We have adopted much the same rule in Syllabus Point 10 of *Pioneer Co. v. Hutchinson*, 159 W.Va. 276, 220 S.E.2d 894 (1975), *overruled on other grounds, State ex rel. E.D.S. Fed. Corp. v. Ginsberg*, 163 W.Va. 647, 259 S.E.2d 618 (1979), where we said:

> "While Rule 24 of the West Virginia Rules of Civil Procedure provides for the intervention of parties upon a timely application, the timeliness of any intervention is a matter of discretion with the trial court."

We conclude that the trial judge properly exercised his discretion in denying appellant's motion to intervene. Her petition was untimely in view of the protracted course of the litigation as it was filed almost one year after the evidentiary hearings had closed and some seven months after the court's May orders.

Appellant cites several cases where intervention was permitted in the final stages of litigation. *E.g., Natural Resources Defense Council v. Costle*, 561 F.2d 904 (D.C. Cir.1977); *Hodgson v. United Mine Workers of America*, 473 F.2d 118 (D.C.Cir. 1972). However, these cases involved situations where under the peculiar circumstances of the case the intervenors' rights could only be protected by allowing intervention. We also note in both of these cases the intervention was under Rule 24(a) as a claim of right. In view of the broad spectrum of the parties involved in this case, we do not believe that the appellant has shown any peculiar position that would excuse the untimeliness of her petition.

Consequently, we do not find that the trial court abused its discretion. Although we affirm the trial court's action, we do not foreclose the appellant from moving to intervene in this Court in the event the case is appealed.

For the foregoing reasons, the order of the Circuit Court of Kanawha County is affirmed.

Affirmed.