COMMONWEALTH of Kentucky,
Appellant

v.

Ricky DAVIS, Appellee.

No. 2012–CA–000933–MR.

Court of Appeals of Kentucky.

May 10, 2013.

Jack Conway, Attorney General of Kentucky, Jeanne Anderson, Assistant Attorney General, Frankfort, KY, for appellant.

Joseph M. Mills, Eric G. Farris, Shepherdsville, KY, for appellee.

Before MOORE, NICKELL, and TAYLOR, Judges.

## OPINION

MOORE, Judge:

The Commonwealth of Kentucky appeals the Bullitt Circuit Court's order granting Ricky Davis's motion to expunge the records in this case pertaining to his arrest, fingerprints, photographs, and index references or other data. After a careful review of the record, we reverse and remand because the motion to expunge was improperly granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Davis was indicted on the charge of wanton endangerment in the first degree after allegedly backing his semi truck onto a railroad track and damaging one of the rails, which then allegedly caused a train to derail. The indictment was ultimately dismissed with prejudice. More than sixty days later, Davis moved to expunge the following records pertaining to this case: His arrest record, fingerprints, photographs, and index references or other data.

The Commonwealth opposed the motion, arguing that, pursuant to KRS [1] 431.076(4), Davis's record could not be expunged because there was "a civil lawsuit filed with the U.S. District Court in Cincinnati numbered 1:2011cv00519 and styled *CSX Transportation, Inc. vs. Bearcat Xpress, Inc., Moore Brother Services, Inc. and Rick Davis.*" (Italics added). The Commonwealth contended that the civil action was still pending in Cincinnati, and that the civil action "related to the matter sought to be expunged." It argued that "[i]f the Court expunged this record much of the information regarding the civil case would be sealed. Reports of law enforcement involved in this case would no longer be available for use in the civil proceeding."

The circuit court granted Davis's motion to expunge. The court reasoned that the matter before it "relates to criminal wrongdoing and there are no pending charges or proceedings related to the alleged criminal conduct," so KRS 431.076 did not bar the court from granting the motion to expunge.

The Commonwealth now appeals, contending that KRS 431.076(4) is applicable and, according to that statute, Davis's case should not have been expunged.

## II. ANALYSIS

This appeal involves the interpretation of a statute. Statutory construction is an issue of law and, accordingly, we review the circuit court's statutory construction *de novo. See Cumberland Valley*

---

1.  Kentucky Revised Statutes.

*Contractors, Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644, 647 (Ky.2007).

> The primary purpose of judicial construction is to carry out the intent of the legislature. In construing a statute, the courts must consider the intended purpose of the statute—the reason and spirit of the statute—and the mischief intended to be remedied. The courts should reject a construction that is unreasonable and absurd, in preference for one that is reasonable, rational, sensible and intelligent.

*Commonwealth v. Kash*, 967 S.W.2d 37, 43–44 (Ky.App.1997) (internal quotation marks and citations omitted). In construing a statute, a court should "use the plain meaning of the words used in the statute." *Monumental Life Insurance Company v. Department of Revenue*, 294 S.W.3d 10, 19 (Ky.App.2008). "Under the doctrine of *in pari materia*, statutes having a common purpose or subject matter must be construed together." *Kash*, 967 S.W.2d at 44. "[S]tatutes are considered to be *in pari materia* when they relate to the same matter with an apparent or actual conflict in some or all of their provisions." *Dunlap v. Littell*, 200 Ky. 595, 255 S.W. 280, 282 (1923).

Pursuant to KRS 431.076,

> (1) A person who has been charged with a criminal offense and who has been found not guilty of the offense, or against whom charges have been dismissed with prejudice, and not in exchange for a guilty plea to another offense, may make a motion, in the District or Circuit Court in which the charges were filed, to expunge all records including, but not limited to, arrest records, fingerprints, photographs, index references, or other data, whether in documentary or electronic form, relating to the arrest, charge, or other matters arising out of the arrest or charge.
>
> (2) The expungement motion shall be filed no sooner than sixty (60) days following the order of acquittal or dismissal by the court.
>
> . . . .
>
> (4) If the court finds that there are no current charges or proceedings pending relating to the matter for which the expungement is sought, the court may grant the motion and order the sealing of all records in the custody of the court and any records in the custody of any other agency or official, including law enforcement records. The court shall order the sealing on a form provided by the Administrative Office of the Courts. Every agency, with records relating to the arrest, charge, or other matters arising out of the arrest or charge, that is ordered to seal records, shall certify to the court within sixty (60) days of the entry of the expungement order, that the required sealing action has been completed. All orders enforcing the expungement procedure shall also be sealed.

Davis met the initial criteria for filing his motion to expunge because the charge against him was dismissed with prejudice. *See* KRS 431.076(1). Additionally, he waited more than sixty days after the order dismissing the charge was entered before he moved to expunge his records in this matter, in accord with KRS 431.076(2).

However, the parties disagree as to whether the motion to expunge was improperly granted, due to the fact that a civil proceeding concerning Davis's alleged actions was pending in a federal court in Cincinnati at the time the court granted the motion. The Commonwealth argues that the motion to expunge should not have been granted because the civil proceeding was pending in Cincinnati and,

pursuant to KRS 431.076(4), "[i]f the court finds that there are no current charges or proceedings pending relating to the matter for which the expungement is sought, the court may grant the motion...." Davis, on the other hand, argues that KRS 431.076 and KRS 431.078 are *in pari materia* because they both concern the expungement of records and, according to KRS 431.078, which concerns the expungement of misdemeanors, the only type of pending proceeding that would prohibit the expungement of misdemeanor records is a criminal proceeding. Specifically, KRS 431.078(4)(e) states that misdemeanor records shall be sealed if, in pertinent part, "[n]o proceeding concerning a felony, misdemeanor, or violation is pending or being instituted against" the person seeking expungement. Thus, Davis asserts that the meaning of the term "proceeding" used in KRS 431.076(4) should be construed the same as that term is used in KRS 431.078, *i.e.*, that the term "proceeding" used in KRS 431.076(4) should be construed as referring only to criminal proceedings, not civil ones. Accordingly, Davis contends that the pending civil proceeding against him was insufficient to prohibit the circuit court from expunging his records in this case.

■ We disagree and find that Davis's records were improperly expunged in this case. BLACK'S LAW DICTIONARY defines *"in pari materia"* as: "On the same subject; relating to the same matter. · It is a canon of construction that statutes that are *in pari materia* may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject." BLACK'S LAW DICTIONARY 794 (7th ed.1999). Contrary to Davis's assertion, the doctrine of *in pari materia* does not apply to this case because KRS 431.076 is not inconsis-

tent. *See Dunlap*, 200 Ky. 595, 255 S.W. at 282.

■ Furthermore, we find KRS 431.078 inapplicable to this case because that statute concerns expungement for people who have been *convicted* of misdemeanors or violations, whereas Davis was charged with, but *not* convicted of, a felony. Additionally, KRS 431.078 is quite specific as to who may have his records expunged under that statute: It states that it applies to people convicted of misdemeanors and violations, and it specifies that if criminal proceedings are pending against the person convicted, the records should not be expunged.

■ On the other hand, KRS 431.076 is applicable to Davis's case because it concerns people who, like Davis, were charged with a criminal offense and the charges were subsequently dismissed with prejudice. That statute provides that "[i]f the court finds that there are no current charges or proceedings pending relating to the matter for which the expungement is sought, the court may grant the motion...." KRS 431.076(4). It does not specify that the "proceedings" to which it refers need be criminal proceedings, and using the plain meaning of the word, the term "proceedings" may refer to either criminal or civil proceedings. Therefore, because there was a civil proceeding pending in Cincinnati at the time the circuit court entered its order granting Davis's motion to expunge, the motion was improperly granted pursuant to KRS 431.076. Consequently, we reverse the circuit court's order. Once all proceedings have ended concerning this matter, if Davis wants to renew his motion to expunge in the circuit court at that time, he may do so.

Accordingly, the order of the Bullitt Circuit Court is reversed and the case is remanded.

NICKELL, Judge, concurs.

TAYLOR, Judge, dissents.