# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jeremy Dale Humphrey,**
**Petitioner Below, Petitioner**

**FILED**
**May 29, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0765** (Kanawha County 13-P-192)

**West Virginia Division of Corrections,**
**Intervenor Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeremy Dale Humphrey ("petitioner"), by counsel Richelle K. Garlow and Michael T. Clifford, appeals the order of the Circuit Court of Kanawha County entered on June 25, 2013. The circuit court set aside its previous order expunging four misdemeanor charges of battery and found petitioner was not eligible to have his criminal record expunged because a proceeding was pending relating to the matter for which the expungement was sought. Respondent West Virginia Division of Corrections ("DOC"), by counsel John H. Boothroyd, filed a response.

This Court has considered the parties' briefs, oral argument, and the record on appeal. Upon review, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

### Factual and Procedural History

On August 3, 2012, the Charleston Police Department investigated four separate incidents of pedestrians who reported they were pepper sprayed. The victims gave similar accounts; while walking along city streets, they were approached by two individuals in a blue Ford Escape and pepper sprayed. Petitioner and another individual were questioned by police. One of the victims allegedly identified petitioner as the driver of the vehicle. The police arrested petitioner and he was charged with four counts of misdemeanor battery.

At the time of the arrest, petitioner was employed as a correctional officer at the Mount Olive Correctional Center ("Mt. Olive"). After learning of the above incident, his supervisors questioned petitioner about the matter and reviewed his statement to the police. Following this investigation, petitioner was terminated from his employment. Thereafter, petitioner filed a grievance with the West Virginia Public Employees Grievance Board seeking reinstatement. This grievance remains pending.

1

The Kanawha County Magistrate Court dismissed the criminal charges on November 27, 2012.[1] On February 9, 2013, petitioner filed a petition for expungement of his criminal records in circuit court, pursuant to West Virginia Code § 61-11-25 (2013 Supp.). Petitioner indicated there were "no current charges or proceedings pending" in the matter. Without scheduling a hearing,[2] the circuit court entered an order on March 1, 2013, granting expungement of the charges. Petitioner presented this order to Mt. Olive.

On April 1, 2013, DOC filed a "Motion to Intervene and to Set Aside Order of Expungement for the Limited Purpose of the Pending Administrative Grievance Being Heard by the Public Employee Grievance Board," pursuant to Rule 24 of the West Virginia Rules of Civil Procedure. The circuit court held a hearing on this matter on May 28, 2013.[3] After hearing oral arguments on the motion, the circuit court found that petitioner "has a proceeding pending relating to the matter for which the expungement was sought, which was not disclosed to the court prior to the expungement initially being ordered." The circuit court then ordered that its expungement order be set aside. Petitioner now appeals to this Court.

## Standard of Review

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). This appeal involves the interpretation of a statute. Statutory construction is an issue of law and, accordingly, we review the circuit court's statutory construction *de novo*. Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## Discussion

On appeal, petitioner argues that the circuit court abused its discretion in setting aside the expungement order. Petitioner raises three assignments of error: 1) he was not required to disclose an ongoing administrative employment matter because the grievance hearing was not a "proceeding" as contemplated by the statute; 2) the ruling was contrary to the purposes of expungement; and 3) DOC had no right to intervene and its action in doing so was untimely.

---

[1] The magistrate court entered an order placing petitioner in a pre-trial diversion program for a period of three months pursuant to West Virginia Code § 61-11-22 (2010). A week later, the magistrate court granted petitioner's motion to dismiss the charges based on petitioner's assertion he had obtained gainful employment and could not participate in the program.

[2] West Virginia Code § 61-11-25(c) provides that the circuit court "may set a date for a hearing" and if it does so, "shall notify the prosecuting attorney and the arresting agency of the petition and provide an opportunity for a response to the expungement petition." *Id.*, in part.

[3] The parties did not include a transcript of this hearing in the appendix record submitted to this Court.

Pursuant to West Virginia Code § 61-11-25(a), an individual who has been charged with a crime and who has been found not guilty, "or against whom charges have been dismissed, and not in exchange for a guilty plea to another offense, may file a civil petition in the circuit court in which the charges were filed to expunge all records relating to the arrest[.]" *Id.*, in part. As we stated in *Mullen v. State Division of Motor Vehicles*, 216 W.Va. 731, 733, 613 S.E.2d 98, 100 (2005), West Virginia Code § 61-11-25 authorizes discretionary expungement when certain criteria are met.

Petitioner met the initial criteria for filing his petition to expunge because the charges against him were dismissed. W.Va. Code § 61-11-25(a). Additionally, he waited more than sixty days after the order dismissing the charges was entered before he moved to expunge his records in this matter, in accord with West Virginia Code § 61-11-25(b). However, the parties disagree as to whether the circuit court granted the petition to expunge improperly, due to the fact that an administrative proceeding concerning petitioner's alleged actions was pending at the time the circuit court granted the petition.

Pursuant to West Virginia Code § 61-11-25(d),

> If the court finds that there are no current charges or *proceedings pending* relating to the matter for which the expungement is sought, the court *may* grant the petition and order the sealing of all records in the custody of the court and expungement of any records in the custody of any other agency or official including law enforcement records.

*Id.*, in part, (emphasis added).

DOC argues that the petition to expunge should not have been granted because the administrative proceeding was pending and, pursuant to West Virginia Code § 61-11-25(d), petitioner was not eligible for expungement. Petitioner, on the other hand, argues that the only type of pending proceeding that should prohibit the expungement of his criminal record is a criminal proceeding. Thus, petitioner asserts that the meaning of the term "proceeding" used in West Virginia Code § 61-11-25(d) should be construed as referring only to criminal proceedings, not civil or administrative ones. Accordingly, petitioner contends that the pending administrative proceeding against him was insufficient to prohibit the circuit court from considering his petition for expungement.

We reject petitioner's argument because he is inviting this Court to rewrite the statute to read "criminal proceedings."[4] We decline this request. "It is not for this Court arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial

---

[4] Other state legislatures have adopted the language urged by petitioner. For instance, in Ohio, an individual who was charged with a crime but not convicted, or whose complaint was dismissed, may apply to the court to have the records sealed if there are "no criminal proceedings pending." Ohio. Rev. Code Ann. § 2953.52(B)(2)(b) (West 2003). Our Legislature chose not to use such restrictive language.

interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." *Banker v. Banker,* 196 W.Va. 535, 546-47, 474 S.E.2d 465, 476-77 (1996) (*citing Bullman v. D & R Lumber Co.,* 195 W.Va. 129, 464 S.E.2d 771 (1995); *Donley v. Bracken,* 192 W.Va. 383, 452 S.E.2d 699 (1994)). *See also, State ex rel. Frazier v. Meadows,* 193 W.Va. 20, 24, 454 S.E.2d 65, 69 (1994) ("Courts are not free to read into the language what is not there, but rather should apply the statute as written.").

We therefore concur with the circuit court's finding that petitioner's records were expunged improperly in this case. The statute provides that if "there are no current charges or proceedings pending relating to the matter for which the expungement is sought, the court may grant the petition[.]" W.Va. Code § 61-11-25(d), in part. The statute does not specify that the "proceedings" to which it refers need be criminal proceedings, and using the plain meaning of the word, the term "proceedings" may refer to criminal, civil, or administrative proceedings.[5] Therefore, because there was a pending administrative proceeding relating to the matter for which the expungement was sought at the time petitioner filed the petition, he was not eligible pursuant to West Virginia Code § 61-11-25(d).

Because we agree with the circuit court that petitioner was ineligible to petition for expungement, this Court finds his second assignment of error is now moot. The remaining issue is whether the circuit court erred in granting DOC's motion to intervene.[6] Petitioner argues: 1) the motion was untimely; and 2) DOC lacks "standing" because the expungement statute provides that, if a circuit court sets a hearing on a petition for expungement, notice must be given to the prosecuting attorney and the arresting agency so they may attend to protect their interests. Petitioner maintains West Virginia Code § 61-11-25 does not provide that "any interested party or entity" may attend a hearing regarding expungement. DOC responds that the motion was timely because it did not know about the petition for expungement until after the order of expungement was issued. Thereafter, DOC filed its motion to intervene with due diligence. DOC further argues it has a cognizable interest in petitioner's expungement sufficient to meet the standard to intervene.

---

[5] In addressing similar language in an expungement statute, Kentucky Revised Statutes 431.076(4) (1996), the Court of Appeals of Kentucky held the phrase "no current charges or proceedings pending" may refer to either criminal or civil proceedings. *Commonwealth v. Davis*, 400 S.W.3d 286, 289 (Ky. 2013).

[6] Rule 24(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that

[u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"While Rule 24 of the West Virginia Rules of Civil Procedure provides for the intervention of parties upon a timely application, the timeliness of any intervention is a matter of discretion with the trial court." Syl. Pt. 1, *Pauley v. Bailey*, 171 W.Va. 651, 301 S.E.2d 608 (1983). We find the circuit court did not abuse its discretion in granting DOC's motion to intervene in this matter. DOC filed the motion to intervene in a timely manner after learning of the expungement order. Furthermore, DOC did have an interest in this matter sufficient to intervene because the order expunging petitioner's criminal record could impair or impede DOC's interest in presenting its case at the grievance proceeding.

## Conclusion

For the foregoing reasons, this Court affirms the order of the Circuit Court of Kanawha County entered on June 25, 2013.

Affirmed.

**ISSUED:** May 29, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II