See also, 2012 WL 4464383.

**Jimmy Dale STAGE, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2013–CA–001697–MR.**

Court of Appeals of Kentucky.

Aug. 1, 2014.

Discretionary Review Denied by Supreme Court June 3, 2015.

J. David Niehaus, Louisville, KY, for appellant.

Jack Conway, Attorney General, James C. Shackelford, Frankfort, KY, for appellee.

Before MAZE, MOORE, and VANMETER, Judges.

## OPINION

MAZE, Judge:

Appellant, Jimmy Stage, appeals from an order of the Jefferson Circuit Court denying his 2007 Motion to Vacate and to Declare the Law pertaining to the application of Kentucky Revised Statutes (KRS) 17.495, et seq., Kentucky's Sex Offender Registration Act (hereinafter "SORA"). Finding no fault in the trial court's conclusion that our Supreme Court's previous decisions regarding SORA continue to control the issue on appeal, we affirm.

## Background

The facts of this case are not in dispute. Only its procedural history requires a lengthy recitation. On June 9, 1994, Stage pleaded guilty to sexually abusing his daughter. In exchange, he received a sentence of ten years' imprisonment which took effect July 18, 1994. The trial court entered a Judgment of Conviction ten days later, thirteen days after Kentucky's SORA became law.

Prior to Stage's release from prison in 2000 and pursuant to a revised version of SORA, the trial court conducted a sex offender risk assessment, finding him to be at a "high risk" of recidivism and requiring him to register with the Justice Cabinet upon his release. Following a successful appeal of this finding, the trial court reassessed Stage in 2010 and again deemed

him to be a "high risk" sex offender. As a result, Stage was required to register under SORA.

Stage appealed the result of his 2010 assessment to this Court, arguing that 2006 amendments to SORA, namely the title of the 2006 Act which amended it, rendered the law unconstitutional due to its retrospective and punitive effect. Following this Court's dismissal of his appeal on the basis of standing, the Supreme Court vacated that decision and remanded to this Court, which in turn remanded to the trial court for further consideration in light of the then-recent Kentucky Supreme Court ruling in *Commonwealth v. Nash*, 338 S.W.3d 264 (Ky.2011). *See Stage v. Commonwealth*, 2012 WL 4464383 (Ky. App.2012)(2010–CA–000475–MR).

Concurrently with the above process, in 2007 Stage filed a Motion to Vacate and Declare the Law, asserting that the 2006 amendments to SORA "corrected" the Supreme Court's decision in *Hyatt v. Commonwealth*, 72 S.W.3d 566 (Ky.2002), and rendered SORA punitive. Stage also argued that the General Assembly did not intend SORA to apply to him, as his offenses occurred prior to passage of the law.[1] The trial court did not address the merits of Stage's 2007 motion until 2013 due to the pendency of his other appeals.

At an evidentiary hearing on the motion, Stage conceded that developments in case law vitiated his argument regarding the 2006 amendments to SORA. Counsel continued to assert the illegality of SORA following the General Assembly's 2011 amendments. The trial court later denied Stage's motion, holding that Stage did not have standing to challenge the 2011

---

1. Though Stage raised this issue before the trial court, he seems to abandon it on appeal.

Hence, we do not address the propriety of the trial court's application of SORA to Stage.

amendments due to its "extremely limited" scope and lack of retroactive intent. The court further held that Stage's constitutional arguments failed. This appeal follows.

## Standard of Review

The sole issue in this appeal concerns the construction and interpretation of a statute. As such, we review the trial court's ruling concerning SORA, and the 2011 amendments to that law, *de novo.* *See Commonwealth v. Davis,* 400 S.W.3d 286, 288–89 (Ky.App.2013) (citing *Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.,* 238 S.W.3d 644, 647 (Ky. 2007)).

## Analysis

Stage's sole argument on appeal is that the trial court misconstrued his argument and erroneously ruled that he did not have standing to challenge the 2011 amendments to SORA. More precisely, Stage argues that the 2011 amendments to SORA under House Bill (HB) 463 made it a punitive, and therefore impermissibly *ex post facto,* law.

 We begin with the basic premise that *ex post facto* laws are inherently unconstitutional. *See* U.S. Const. art. I, § 10, cl. 1; Ky. Const. § 19. An *ex post facto* law is any law which criminalizes an act that was innocent when done, aggravates or increases the punishment for a crime as compared to the punishment when the crime was committed, or alters the rules of evidence to require less or different proof in order to convict than what was necessary when the crime was committed. *Buck v. Commonwealth,* 308 S.W.3d 661, 664 (Ky.2010) (citing *Purvis v. Commonwealth,* 14 S.W.3d 21, 23 (Ky. 2000)); *see also Calder v. Bull,* 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798). The key inquiry is whether a retrospective law is punitive in nature or whether it has some other stated purpose. *Buck, id.* (citing *Martin v. Chandler,* 122 S.W.3d 540, 547 (Ky.2003)).

Stage is not the first convicted sex offender to bring an *ex post facto* claim regarding SORA's registration requirement. As SORA has evolved in the twenty years since its enactment, our appellate courts have repeatedly weighed in regarding the constitutionality of its provisions, as well as the various changes to those provisions. The first version of SORA required "any person eighteen (18) years or older at the time of the offense" convicted of certain sex crimes after July 15, 1994, to register with Kentucky's Justice Cabinet within fourteen days after his release. 1994 Kentucky Acts ch. 392, § 1. It applied to persons sentenced, pleading guilty, released from jail or prison, or on probation or conditional discharge after January 1, 1995. *Id.*

In 1998, amendments to SORA took effect. Among these amendments was a provision for risk assessments for sex offenders "individually sentenced or incarcerated after the effective date" of those changes. 1998 Ky. Acts ch. 606, § 401. These assessments were intended to determine the length of time after release that a sex offender would be required to register with the Justice Cabinet. The General Assembly eliminated these assessments two years later, instead basing the length of time a sex offender was required to register on the gravity of his offense. *See* 2000 Ky. Acts ch. 401, §§ 15–17.

Following the 2000 amendments to SORA, the Kentucky Supreme Court first passed constitutional judgment on its provisions. In the aforementioned case of *Hyatt,* the Court noted that similar registration requirements of other states "have consistently been held to be remedial measures, not punitive, and therefore do

not amount to punishment or increased punishment." 72 S.W.3d 566 at 571. Accordingly, the Court held that SORA's designation of those who have committed sex offenses "is not a sentence or a punishment but simply a status resulting from a conviction[.]" *Id.* at 572.

In 2006, our General Assembly again amended SORA, specifically KRS 17.510. These amendments extended the period of non-lifetime registration from ten to twenty years and heightened the penalty for failure to register or providing false information to the Justice Cabinet. *See* 2006 Ky. Acts ch. 182, § 6. Despite the content and title ("AN ACT relating to sex offenses and the punishment thereof") of the bill containing these amendments, the Supreme Court reaffirmed its holding in *Hyatt,* stating that "SORA is a remedial measure with a rational connection to the nonpunitive goal of protection of public safety[.]" *Buck v. Commonwealth,* 308 S.W.3d at 667.

In 2011, as part of a large-scale overhaul of Kentucky's criminal code, the General Assembly amended SORA in a bill entitled, "AN ACT relating to the criminal justice system, making an appropriation therefor, and declaring an emergency." *See* 2011 Ky. Acts ch. 2 (hereinafter referred to as "HB 463"). HB 463 modified KRS 17.510 and 17.520 to include a sex offender's "postincarceration supervision" among the existing list of privileges a court may revoke for noncompliance with registration requirements.

■ On appeal, Stage asserts that the 2011 changes to SORA, namely the title of the act containing them, made SORA punitive and, therefore, impermissibly retrospective. In other words, Stage asks us to conclude that the General Assembly, through HB 463, rejected the Supreme Court's three prior holdings and transformed SORA into a punitive law. We cannot oblige that request.

Stage points emphatically to the General Assembly's use of the term "criminal justice system" in the title of HB 463. He argues that the inclusion of this term, defined by several sources as encompassing the punishment of criminals, signaled a punitive intent behind the changes HB 463 effected. *See* Black's Law Dictionary 431 (9th ed.2009); *American Heritage Dictionary,* 430–31 (5th ed.2011). This is a tenuous reading of our General Assembly's intent.

Of course, this Court is bound by the well-established rule that we must assign the words employed in a statute their ordinary meaning. *See, e.g., Lynch v. Commonwealth,* 902 S.W.2d 813, 814 (Ky.1995). However, the Supreme Court's inclusion of the term "criminal justice system" in the title of HB 463 does not so automatically cast four words added to two statutes in a punitive light. In fact, the Supreme Court has rejected the same argument Stage now makes concerning SORA, holding that the title of an act, while helpful, is not solely determinative of the intent behind it. *See Commonwealth v. Baker,* 295 S.W.3d 437, 443 (Ky.2009). Hence, we look beyond the title of HB 463 for other evidence of the punitive intent Stage asserts was behind that bill.

An examination of HB 463's changes to SORA reveals no evidence of the General Assembly's wish to transform SORA into a law which punished, as opposed to merely monitored, sex offenders. The identical additions to both KRS 17.510 and 17.520 simply acknowledge that other portions of the same bill made a sex offender eligible for "postincarceration supervision" in addition to other custodial options, and that revocation of that privilege was now possible. Giving these words their plain meaning, the acknowledgment they make does

nothing to change the effect of the law or to increase the punishment of a registrant. In short, the addition of these words to these statutes constitutes neither a substantial, nor a punitive change to SORA or its purpose.

We therefore reject Stage's argument that the title of HB 463 alone is somehow indicative of the General Assembly's punitive intent. At its core, this is a rehashed argument which our Supreme Court has previously rejected—*see Hyatt, Nash,* and *Baker*—even doing so in the face of seemingly more compelling indicia of legislative intent than the meager changes Stage now cites. *See Buck.* Accordingly, we conclude that the wisdom and reasoning the Supreme Court has previously employed in response to claims regarding SORA's constitutionality must prevail again.

That the General Assembly employed the term "criminal justice system" in the title of HB 463 indicates little more than the inevitable relationship between that ambitious and sweeping piece of legislation and our system of criminal justice, a system constructed not only for the punishment of criminals but also for the achievement and maintenance of the public's safety. To that end, SORA remains what it was prior to 2011 and what our Supreme Court has always professed it to be: "a remedial measure with a rational connection to the nonpunitive goal of protection of public safety[.]" *Buck* at 667.

### Conclusion

For the reasons cited, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.