# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Reginald Gibbs,**
**Movant Below, Petitioner**

**vs)  No. 17-0320** (Kanawha County 16-C-959-969)

**West Virginia ALF-CIO; West Virginia**
**State Building and Construction Trades**
**Council; United Mine Workers of America;**
**Chauffers, Teamsters, and Helpers, Local**
**No. 175; Amanda Gaines; International**
**Brotherhood of Electrical Workers,**
**AFL-CIO Local 141; International Brotherhood**
**of Electrical Workers, AFL-CIO Local 307;**
**International Brotherhood of Electrical Workers,**
**AFL-CIO Local 317; International Brotherhood**
**of Electrical Workers, AFL-CIO Local 466;**
**International Brotherhood of Electrical Workers,**
**AFL-CIO Local 596; and International Brotherhood**
**of Electrical Workers, AFL-CIO Local 968,**
**Plaintiffs Below, Respondents**

**And**

**James C. Justice, in his official capacity as**
**Governor of the State of West Virginia[1] and**
**Patrick Morrisey, in official capacity as**
**Attorney General,**
**Defendants Below, Respondents**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Reginald Gibbs, by counsel Matthew B. Gilliam, appeals the order of the Circuit Court of Kanawha County, entered on March 1, 2017, denying his motion to intervene in the consolidated civil actions 16-C-959 through -969, which encompass several respondents' challenges to West Virginia's recently-enacted "right to work" law.[2] Respondents West Virginia

---

[1] Pursuant to Rule 41(c) of the West Virginia Revised Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

AFL-CIO; West Virginia State Building and Construction Trades Council; United Mine Workers of America; Chauffers, Teamsters, and Helpers, Local No. 175; Amanda Gaines; International Brotherhood of Electrical Workers, AFL-CIO Local 141; International Brotherhood of Electrical Workers, AFL-CIO Local 307; International Brotherhood of Electrical Workers, AFL-CIO Local 317; International Brotherhood of Electrical Workers, AFL-CIO Local 466; International Brotherhood of Electrical Workers, AFL-CIO Local 596; and International Brotherhood of Electrical Workers, AFL-CIO Local 968 ("the union respondents") appear by counsel Vincent Trivelli and Robert M. Bastress. Respondent Governor James C. Justice appears by counsel John D. Hoblitzell, III and Matthew D. Elshiaty. Respondent Patrick Morrisey makes no appearance.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The union respondents filed petitions challenging the statute styled the "Workplace Freedom Act" in the Circuit Court of Kanawha County on June 27, 2016.[3] The parties filed cross-motions for summary judgment on October 4, 2016. On that same date, petitioner's counsel filed an amicus curiae brief with the circuit court on behalf of the National Right to Work Legal Defense and Education Foundation, Inc. and the National Federation of Independent Business Small Business Legal Center. The parties appeared for hearing on their summary judgment motions on December 2, 2016. The same day, petitioner filed his motion to intervene. The circuit court denied petitioner's motion by order entered on March 1, 2017, citing petitioner's lack of timeliness and failure to show that his interests were not adequately protected in the litigation. In its order, the circuit court stated that it "is prepared to issue an [o]rder on the merits."

On appeal, petitioner asserts two assignments of error. He argues, first, that "[t]he circuit court abused its discretion in concluding that Gibbs did not make a timely application for intervention, and erred in applying the four-factor test to determine whether Gibbs's intervention should be granted" under Rule 24(a) of the West Virginia Rules of Civil Procedure. He argues, second, that the circuit court erred in denying his motion to intervene under Rule 24(b) of the West Virginia Rules of Civil Procedure.

Our standard of review of a circuit court order denying a motion to intervene has been explained as follows:

"'In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and

---

[2] These cases were recently before the Court. *See generally, Morissey v. W.Va. AFL-CIO*, ___ W.Va. ___, ___S.E.2d ___, 2017 WL 4103745 (No. 17-0187 Sept. 15, 2017).

[3] *See generally*, W.Va. Code §§ 21-5G-1 to -7 (2016).

the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.' Syllabus point 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997)." Syllabus Point 1, *Coordinating Council for Independent Living, Inc. v. Palmer*, 209 W.Va. 274, 546 S.E.2d 454 (2001)."

Syl. Pt. 1, *Stern v. Chemtall Inc.*, 217 W.Va. 329, 331, 617 S.E.2d 876, 878 (2005). We consider petitioner's arguments in light of this standard.

Rule 24 of the West Virginia Rules of Civil Procedure provides in part:

(a) Intervention of right. — Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this State confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive intervention. — Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this State confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or State governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Whether proceeding under subpart (a) or (b), a movant must make "timely application" for intervention. Regarding timeliness, we have explained:

"While Rule 24 of the West Virginia Rules of Civil Procedure provides for the intervention of parties upon a timely application, the timeliness of any intervention is a matter of discretion with the trial court." Syllabus Point 10, *Pioneer Co. v. Hutchinson*, [159] W.Va. [276], 220 S.E.2d 894 (1975), overruled on other grounds, *State ex rel. E.D.S. Fed. Corp. v. Ginsberg*, [163] W.Va. [647], 259 S.E.2d 618 (1979)." Syl., *Pauley v. Bailey*, 171 W.Va. 651, 301 S.E.2d 608 (1983).

Syl., *W. Virginia Pub. Employees Ins. Bd. v. Blue Cross Hosp. Serv., Inc.*, 180 W. Va. 177, 178, 375 S.E.2d 809, 810 (1988).

When evaluating the timeliness of the motion, the circuit court considered whether the action had proceeded so far that intervention would substantially affect the original parties, whether there were unusual circumstances establishing that petitioner's stated interest was inadequately protected, and whether petitioner knew or should have known of the pending action. *See W. Virginia Pub. Employees Ins. Bd. v. Blue Cross Hosp. Serv., Inc.*, 180 W. Va. 177, 181, 375 S.E.2d 809, 813 (1988). In this case, where the motion to intervene was filed on the day that summary judgment motions were argued, by petitioner's counsel who, as participating amicus counsel, was familiar with the progression of the action and the circuit court's expressed desire to rule expeditiously, we find no abuse of discretion in the circuit court's having found that petitioner failed to make timely application under either Rule 24(a) or Rule 24(b). Despite subsequent events, we are particularly mindful of the circuit court's pronouncement that it was prepared to issue an order on the merits in the underlying case, and we do not look behind that statement.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 23, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4